The STATE of Ohio, Appellee,

v.

McMILLEN, Appellant.

[Cite as *State v. McMillen* (1996), 113 Ohio App.3d 137.]

Court of Appeals of Ohio,
Third District, Allen County.

No. 1–95–85.

Decided June 26, 1996.

David E. Bowers, Allen County Prosecuting Attorney, and *Jana E. Emerick*, Assistant Prosecuting Attorney, for appellee.

*Craig M. Linnon*, for appellant.

EVANS, Judge.

This is an appeal by appellant, Richard E. McMillen, from the judgment and sentence of the Court of Common Pleas of Allen County following a jury verdict of guilty to a charge of failure to comply with order or signal of police.

The facts of the case are briefly stated as follows. A member of the Lima Police Department on routine patrol observed the appellant operating his motorcycle at what appeared to the officer to be a high rate of speed on a city street. The officer was stopped at a four-way stop intersection at the time so he waited for the appellant to approach the intersection so he could give him an informal warning to reduce his speed. As appellant neared the stop sign, the officer executed a right turn in order to place himself next to the motorcycle and signaled to appellant to slow down. In response, appellant looked squarely at the officer, smiled and raised his hand with his fist clenched except for the middle finger which was fully extended. Appellant then rolled through the stop sign, made a right turn and proceeded down the street. The officer realized that appellant had no intention of reducing his speed so the officer turned around, followed appellant and activated his overhead lights to signal the appellant to stop. Appellant ignored this signal and a high speed chase through the streets of the city followed with speeds in excess of one hundred miles per hour.

Appellant was indicted for a violation of R.C. 2921.331(B) and (C)(3) as follows:

"Richard E. McMillen, whose real and true name is to the Grand Jury unknown did operate a motor vehicle so as willfully to elude or flee a police officer after receiving a visible or audible signal from a police officer to bring his motor vehicle to a stop; the operation of the motor vehicle by the said Richard E. McMillen causing a substantial risk of serious physical harm to persons or property * * *."

For his first assignment of error, the appellant asserts the following:

"The trial court committed prejudicial error by overruling Appellant's Rule 29 motion for acquittal where there was no credible evidence that Appellant caused a substantial risk of serious physical harm to person or property."

The appellant contends in support of this assignment that the state did not produce sufficient evidence to prove beyond a reasonable doubt that appellant's operation of the motor vehicle caused a substantial risk of serious physical harm to persons or property. It is the element of substantial risk of serious physical harm that elevates the crime of failing to comply with the order or signal of a police officer from a first degree misdemeanor to a fourth degree felony.

At the conclusion of the state's case, appellant made a motion for acquittal as provided in Crim.R. 29(A), which reads as follows:

"The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense."

Such a motion challenges the sufficiency of the state's evidence. The proper standard of appellate review on the sufficiency of the evidence is described in *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus:

"An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."

After reviewing the evidence in this case, it is difficult to understand how any rational trier of fact could fail to find the appellant guilty beyond a reasonable doubt. There is evidence that the appellant drove at speeds in excess of one hundred miles per hour through busy residential and business districts, that cars were forced off the road because of his driving and at least one pedestrian narrowly missed being struck by appellant as he cut through the service area of a corner gas station. There is more than enough evidence in this record to convince the average mind of appellant's guilt beyond a reasonable doubt. The trial court did not err in overruling appellant's Crim.R. 29(A) motion. The assignment of error is overruled.

For his second assignment of error, the appellant asserts the following:

"The trial court committed prejudicial error by overruling appellant's motion for a continuance."

The granting of a continuance is within the discretion of the trial court. *State v. Spirko* (1991), 59 Ohio St.3d 1, 18, 570 N.E.2d 229, 249–250. Thus, the standard of review in this court is abuse of discretion. On consideration of the record, we find no abuse of discretion. First, the motion was made on the morning of trial and a continuance had been granted to the appellant on an earlier request. Second, the motion was made because a defense witness was out of state. The record indicates that the sheriff received the subpoena for service on the witness on October 19 with the jury trial set for October 24. Furthermore, the subpoena directed the sheriff to a Lima address but the return states that the witness lives in Michigan. The record also reflects that the subpoenas for the state were issued on September 25. The appellant also requested a

continuance because he had two witnesses that had not been identified during discovery and would not be permitted to testify.

We find none of the arguments advanced by the appellant in support of the request for a continuance to have such merit that it would constitute an abuse of discretion to refuse the request. The assignment of error is overruled.

Having found no error prejudicial to the appellant herein, in any of the particulars assigned and argued, the judgment of the trial court is affirmed.

*Judgment affirmed.*

HADLEY, P.J., and THOMAS F. BRYANT, J., concur.