Marcus V. Law is appealing from his conviction of driving under the influence by the Municipal Court of Fairborn, Ohio, after a bench trial.
He brings the following two assignments of error:
 1. THE TRIAL COURT'S HOLDING OF GUILTY ON THE COUNT OF DRIVING UNDER THE INFLUENCE, IN VIOLATION OF OHIO REV. CODE § 4511.19(A)(1), WAS IN ERROR BECAUSE THE MANIFEST WEIGHT OF EVIDENCE ESTABLISHED THAT MR. LAW WAS NOT INTOXICATED.
 2. THE TRIAL COURT'S HOLDING OF GUILTY ON THE COUNT OF DRIVING UNDER THE INFLUENCE, IN VIOLATION OF OHIO REV. CODE § 4511.19(A)(1), WAS IN ERROR BECAUSE THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING THE MOTION FOR CONTINUANCE.
The weight of the evidence argument challenges the believability of the evidence. State v. Hufnagle (Sept. 6, 1996), Montgomery App. No. 15563, unreported. The proper test to apply to that inquiry is the one set forth in State v.Martin (1983), 20 Ohio App.3d 172, 175:
 [t]he court, in reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury lost its way and created such manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.
This court will not substitute its judgment for that of the trier of facts on the issue of witness credibility unless it is apparent the fact finder lost its way. State v. Bradley (Oct. 2, 1997), Champaign App. No. 97 CA 03, unreported.
The facts supporting the State's case were set forth by Officers Frederick, Ray, and Eichenberry at the bench trial held on March 24, 1998. On the night of August 28, 1997, the Fairborn Police Department received a call from the Greene County Sheriff's Office that a white van had been reported going northbound in the southbound lane of State Route 444. The officer investigated and saw a white van moving very slowly. It was being driven by a white man, and a white female was in the passenger seat. The van turned left onto a cross street without a signal and stopped in the middle of the road. The two other officers had arrived by this time, and they observed the defendant getting out of the driver's seat at the behest of Officer Eichenberry. Defendant was stopped in the City of Fairborn, but he thought he was still in Dayton, Ohio. The van was "full of quite a few empty beer containers." Tr. 44. Defendant, Marcus V. Law, had bloodshot eyes and a very strong alcoholic odor about him. Moreover, he was loud and combative verbally and even taunted Officer Eichenberry. He couldn't do any field tests, and walking from the driver's door to a space behind the van in order to attempt the field tests, he kept his balance by putting his hand on the van. Defendant was swaying, slurring his speech, and seemed confused. He admitted he had had two or three alcoholic beverages.
The officers testified that they believed defendant was under the influence of alcohol.
Marcus Law, at the trial, testified that he was traveling with his ex-wife, and that she was driving, not him. His somewhat confused testimony is that he was in the passenger's seat when "we was stopped" but after that he claims he climbed into the driver's seat before he saw the lights of the police car. Tr. 56. He claimed he couldn't do the field tests because it was painful to him to raise his feet since he had an injury from a car accident a month before, and he was "almost positive" that he was wearing a back brace at the time but "wouldn't want to swear on it." Tr. 57. He admitted he was upset with his female companion and testified that he got into the driver's seat because he was going to move the vehicle after she had stopped in the middle of the street. At one point during his testimony, he stated "I was intoxicated." Tr. 67.
After the defense rested, the court made its findings from the bench as follows:
 The Court finds that Mr. Law was under the influence of alcohol at the time of this incident. The Court finds that this all took place in Fairborn, Ohio, so we are in the right jurisdiction. So the only thing left to decide is whether or not Mr. Law was operating the vehicle.
 First of all, I honestly don't think we even need to get into the part about the key and the ignition and all of that because I believe Officer Eikenberry's testimony. I believe he saw Mr. Law driving that vehicle. When the vehicle passed him and he was in the parking lot at the Flying Tiger, I believe that he saw Mr. Law driving. I believe that when he followed him a very short distance to Clover and the vehicle turned, that there was no time at that point for Mr. Law and the passenger to switch places. I don't think that that was physically possible to do it. Therefore, I am finding that Mr. Law was operating the vehicle within the City of Fairborn while under the influence of alcohol.
 Even if we — even if I didn't buy that argument, let's say I didn't believe Officer Eikenberry, I could believe the Defendant, that he was sitting in the driver's seat with the key in the ignition and I believe the key was in the ignition. Officer Eikenberry said it was. There is nothing really to refute that. There is some question as to whether or not the engine was running, but, again, we are arguing in the alternative here. There are many cases — I was just glancing through the case notes following 4511.19. Case notes on operation start at Number 150 and there are a multitude of cases which state that all that is necessary is for the person to be in driver's seat with the key in the ignition. I'm not sure which of these is the Second District case. There is one. There are many named. I'm not sure which one that is. I have it in my chambers. But a trial court must apply the totality of the circumstances to determine if there were reasonable grounds to believe that a person was operating a motor vehicle while under the influence of alcohol. But I do believe that even had Officer Eikenberry testified that he didn't know who was driving, he didn't see who was driving, what we have by the Defendant's admission is enough. Therefore, on the Driving Under the Influence, the Court is finding Mr. Law guilty.
Defendant had actually been charged with five separate offenses: driving under the influence of alcohol and/or drugs, no operator's license, seat belt violation, stopping, standing, or parking in the street, and a signal violation. He was convicted of all five, but is appealing only the DUI conviction.
As the court stated in the transcript quoted above, defendant was guilty of operating a motor vehicle under the influence because he was found in the driver's seat with the key in the ignition and the engine actually running. State v. Cleary
(1986), 22 Ohio St.3d 198. But even before that finding, the court stated that it firmly believed in the testimony of the officers. Here again is another classic case of the trial judge being forced to choose between two conflicting sets of testimonies. We will not disturb the choice made by the trier of the fact with credible witnesses and conflicting testimony unless it is so incredible that it defies belief, and we do not find it that incredible here. City of Fairborn v. Boles (May 15, 1998), Greene App. No. 97 CA 110, unreported; City ofDayton v. Versic (Mar. 15, 1996), Montgomery App. No. 15223, unreported.
The trial court had more than sufficient evidence before it to support the guilty finding on the DUI charge. The first assignment of error is overruled.
In the second assignment of error, defendant argues that the trial court committed an abuse of discretion in not continuing the case. The court had earlier continued the case at the request of the defendant. The second motion for continuance, which was denied by the court, came on the morning of the trial with all the State's witnesses present and prepared to proceed forward. The court stated:
 THE COURT: That is exactly right. Mr. Law indicated he did not want Mr. Graf to represent him. It was at that point that Mr. Landon came on the case. Nevertheless, this case has been on the docket since August, 1997. And the Court was quite clear when it continued the trial from the jury trial scheduled for March 18th, that the only reason that I was granting that continuance was to give the Defendant an opportunity to secure the appearance of the one witness. And since that has not been done — you can't just rely on people voluntarily showing up. You just can't do it. There has been no praecipe filed for a subpoena to require her appearance; therefore, I'm not going to continue the case any further and we will go forward today. Motion to continue is denied. We will be going forward on all 5 charges.
"Clearly, the granting of a continuance is within the discretion of the trial court." State v. Spriko (1991), 59 Ohio St.3d 1,18, (citations omitted). Abuse of discretion is the standard of review. State v. McMillen (1996), 113 Ohio App.3d 137,140. Overruling a motion for a continuance made on the morning of the trial when a previous continuance had been granted to the defendant is not an abuse of discretion. Id.
This is especially true when the defense has not even filed a praecipe for subpoena for its so-called missing witness.
The second assignment of error is overruled, and the judgment is affirmed.
WOLFF, J. and GRADY, J., concur.
Copies mailed to:
Michael A. Mayer David H. Landon Hon. Catherine M. Barber