JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Eric Curry appeals from a judgment of the Cuyahoga Court of Common Pleas denying his motion to suppress. Defendant was found guilty of possession of less than ten unit doses of heroin in violation of R.C. 2925.11. Defendant also asserts that the trial court abused its discretion by not granting him a continuance of the trial and a separate trial from his co-defendant. For the following reasons, we reject his contentions and affirm the decision of the trial court.
{¶ 2} The record presented to us on appeal reveals the following: On November 27, 2000, members of the Cleveland Police Department executed a search warrant at 17705 Schenely Road in Cleveland, Ohio. Defendant and co-defendant, Glen Fannin, were in the basement of the house when the police entered. The officers found 210 packets of heroin in the house during the search. Forty-two of these packets were found in the defendant's mouth.
{¶ 3} On April 11, 2001, defendant was indicted for one count of possession of drugs (more than 100 unit doses but less than 500 unit doses) in violation of R.C. 2925.11; one count of preparation of drugs for sale (more than 100 unit doses but less than 500 unit doses) in violation of R.C. 2925.07; and one count of possession of criminal tools in violation of R.C. 2923.24. Glen Fannin was also indicted for his conduct arising out of these events. Defendant and Fannin were tried simultaneously.
{¶ 4} On June 19, 2001, the trial began. During a pretrial suppression hearing, defendant argued that the execution of the search warrant was untimely. The trial court denied the motion. The following day, at another pretrial hearing, defendant moved for a continuance and a separate trial pursuant to Crim.R. 14. With regard to his motion to continue, defendant argued that additional time was needed to prepare a defense and exchange discovery. With regard to his motion for severance, defendant argued that there was the possibility of inconsistent defenses. Both of these motions were denied.
{¶ 5} On June 22, 2001, defendant was convicted of one count of possession of drugs (less than ten unit doses) in violation of R.C. 2925.11, a felony of the fifth degree. He was found not guilty of count two, and count three was dismissed by the court. Co-defendant Fannin was convicted of one count of possession of drugs (more than 100 unit doses but less than 500 unit doses) in violation of R.C. 2925.11, a felony of the second degree; one count of preparation of drugs for sale (more than 100 unit doses but less than 500 unit doses) in violation of R.C. 2925.07; and one count of possession of criminal tools in violation of R.C. 2923.24.
{¶ 6} Defendant appeals his conviction and raises three assignments of error for our review.
 I. {¶ 7} THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION FOR A SEPARATE TRIAL.
{¶ 8} In his first assignment of error, defendant contends that he was denied a fair trial when the trial court denied his motion for a separate trial. We disagree.
{¶ 9} Pursuant to Crim.R. 8(B), joinder is permitted if two or more defendants are alleged to have participated in the same act or transaction or in the same course of criminal conduct. Relief from such joinder is available under Crim.R. 14 upon a demonstration of prejudice. The decision whether to sever defendants from a joint trial rests within the sound discretion of the trial court. State v. Schiebel (1990),55 Ohio St.3d 71; Blakemore v. Blakemore (1983), 5 Ohio St.3d 217.
{¶ 10} A trial court does not abuse its discretion in denying a motion for severance of trials when the State presents evidence that is direct, uncomplicated, and the jury demonstrates its ability to segregate the proof on each charge. State v. Brooks (1989), 44 Ohio St.3d 185,194. Here, the evidence was uncomplicated and direct. Both defendants were arrested in defendant's home. Fannin, under surveillance by the Cleveland Police, was located in a room where most of the drugs were found. Defendant was found with forty-two bags of heroin in his mouth. Although defendant believed that his defense would be inconsistent with Fannin's, the transcript shows that Fannin did not directly implicate defendant during his testimony. Further, the jury found defendant guilty of a lesser included offense, acquitted him on one of the charges for which he was indicted, and found Fannin to be guilty on all of the charges in the indictment. Accordingly, we find that the jury clearly demonstrated its ability to segregate evidence as to the individual charges against the defendant and properly separated the evidence as to the co-defendant.
{¶ 11} Defendant's first assignment of error is overruled.
 II. {¶ 12} THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO SUPPRESS EVIDENCE COLLECTED DURING THE SEARCH OF 17705 SCHENELY.
{¶ 13} In his second assignment of error, defendant contends that his motion to suppress should have been granted because the Cleveland Police did not conduct the search within the statutory time period. We disagree.
{¶ 14} Crim.R 41(C) requires that a search warrant be executed within three days of its issuance. The date of the act or event from which the designated period of time begins to run is not included in the computation. State v. Hudson (Nov. 25, 1987), Cuyahoga App. No. 54274, unreported. Saturdays, Sundays, and legal holidays are also excluded from the computation. Id.
{¶ 15} Here, the search warrant was issued on Tuesday, November 21, 2000, and executed on the following Monday, November 27, 2000. Thanksgiving, a legal holiday, fell on Thursday, November 23, 2001, and is not included in the computation. Id. Saturday and Sunday, November 25 and 26, 2000, are also not included. Id. Accordingly, the warrant was timely executed under the rules.
{¶ 16} Defendant's second assignment of error is overruled.
 III. {¶ 17} THE TRIAL COURT ERRED IN NOT GRANTING APPELLANT'S MOTION TO CONTINUE HIS TRIAL.
{¶ 18} In his third assignment of error, defendant contends that the trial court violated his constitutional rights by failing to grant him a continuance. We disagree.
{¶ 19} The decision to grant or deny a motion to continue a trial lies within the discretion of the trial court and will not be reversed on appeal unless the trial court has abused its discretion. Burton v. Burton
(1999), 132 Ohio App.3d 473. An abuse of discretion is defined as a decision that is unreasonable, arbitrary or unconscionable, rather than a mere error in judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217.
{¶ 20} Here, defense counsel did not file a written request for a continuance before the scheduled trial date. Rather, he made an oral request the day on which the trial was to proceed. The court denied the request and stated the following, in pertinent part:
 {¶ 21} I continued this trial once. The motion to continue this trial a second time is denied. I did take the extra step to get additional counsel. And with all the pretrial negotiations and pre-trials that have been going on nonstop, frankly, we have spent more time in pre-trials on this case than my last five cases combined and one of them was a murder trial. So I am going to go forward.
{¶ 22} (Tr. 86).
{¶ 23} We do not find the trial court acted unreasonably, unconscionably or arbitrarily in overruling defense counsel's day-of-trial oral motion to continue. The denial of a motion for a continuance made on the same day of the trial when a previous continuance had been granted to the defendant is not an abuse of discretion. SeeState v. McMillen (1996), 113 Ohio App.3d 137, 140; State v.Lefthandbull (Mar. 6, 2001), Franklin App. No. 00AP-584, unreported;State v. Law (Jan. 8, 1999), Greene App. No. 98 CA 42, unreported.
{¶ 24} Defendant's third assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE, A.J., and DIANE KARPINSKI, J., CONCUR.