COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| THOMAS HUNT | : | JUDGES: |
| | : | |
| | : | Hon. Patricia A. Delaney P.J. |
| Plaintiff-Appellant | : | Hon. W. Scott Gwin J. |
| | : | Hon. Julie A. Edwards, J. |
| -vs- | : | |
| | : | Case No. 11-CA-70 |
| EUGENE ALLEN, et al. | : | |
| | : | |
| | : | |
| Defendants-Appellees | : | O P I N I O N |


CHARACTER OF PROCEEDING:            Appeal from the Licking County Court of
                                    Common Pleas, Case No. 10 CV 01127


JUDGMENT:                           AFFIRMED


DATE OF JUDGMENT ENTRY:             March 19, 2012


APPEARANCES:

For Appellant:                      For Appellees:

DAVID A. GOLDSTEIN                   STEVEN T. GREENE
SETH K. KLEINMAN                     33 W. Main St.
326 South High St., Suite 500        P.O. Box 4190
Columbus, OH 43215                   Newark, OH 43058-4190

*Delaney, J.*

{¶1} Plaintiff-Appellant Thomas Hunt appeals the June 6, 2011 judgment entry of the Licking County Court of Common Pleas.

## FACTS AND PROCEDURAL HISTORY

{¶2} On July 19, 2010, Appellant filed a verified complaint against Defendant, Suzanne Hunt and Defendants-Appellees, Eugene Allen and Ron Doran. Appellant's central allegation in his complaint was Defendants took tools and auto parts belonging to Appellant from the garage of Appellant's father after the death of his father. As to that property, Appellant alleged conversion, criminal theft, and unjust enrichment.

{¶3} In count four of Appellant's complaint, Appellant claimed breach of contract against Appellee Doran. Appellant alleged in 2008, he and Doran entered into an oral agreement where Appellant would rebuild a chassis for Doran for $1,600. Appellant rebuilt the chassis but Doran did not pay Appellant $1,600. Appellant also claimed unjust enrichment based on the breach of contract.

{¶4} The Defendants filed answers to Appellant's complaint. The trial court conducted a pretrial conference on November 23, 2010 pursuant to a scheduling order sent to the parties by the Licking County Clerk of Courts. The scheduling order was sent to the counsel for the parties and used their correct mailing addresses.

{¶5} The trial court scheduled a jury trial for this case on October 11, 2011. On November 23, 2010, Appellees filed their notice of service of discovery requests upon Appellant.

{¶6} On January 24, 2011, Appellant filed a notice of voluntary dismissal of his complaint.

{¶7} Appellees Allen and Doran filed a Motion for Frivolous Conduct on February 23, 2011. In the motion, Appellees requested the trial court set the motion for a hearing. Appellees also filed a praecipe for the motion to be sent to Appellant by certified mail. On March 2, 2011, the trial court issued a scheduling order that stated, "STATUS CONFERENCE AND ORAL HEARING ON MOTION FOR FRIVOLOUS CONDUCT" to be held on March 21, 2011 at 1:30 p.m. The order was sent to counsel for the parties utilizing the counsels' correct mailing addresses.

{¶8} On March 11, 2011, Appellant filed a response to the motion for frivolous conduct. In his motion, Appellant argued that an oral hearing on the motion was not necessary because the Appellees' motion lacked merit.

{¶9} The matter came on for hearing on March 21, 2011. Appellees appeared at the hearing prepared to go forward with their witnesses. As to Appellant, however, only counsel for Appellant appeared. Counsel objected to the hearing proceeding that day because counsel alleged he did not get notice of the hearing, although the notice of the hearing had counsel's address on it. (T. 5.) Counsel had only appeared at court because he reviewed the Licking County Clerk of Courts' online docket and saw the docket noted a status conference scheduled for March 21, 2011 at 1:30 p.m. Counsel requested that Appellant be permitted to file a supplemental memorandum contra to provide additional evidence in affidavit form, which Appellant would have provided at the hearing. *Id.* The trial court denied a continuance of the hearing but permitted supplemental memorandum to be filed. (T. 52.)

{¶10} The following evidence was adduced at the hearing.

{¶11} Michael and Suzanne Hunt are Appellant's parents. Michael Hunt, a former truck mechanic, built cars for drag racing and restored cars in his home garage. (T. 15.) The garage contained a substantial number of tools and machinery. Michael Hunt worked on the cars with his friends Bobby Glenn, Appellee Doran, and Appellee Allen. Appellant also worked on cars with his father at the garage.

{¶12} Suzanne Hunt testified in December 2008, she and Appellant had a dispute about a racecar that Michael Hunt had purchased and Appellant was to drive. (T. 16.) After the argument with Suzanne Hunt in the house, Appellant went to the garage where Michael Hunt and Bobby Glenn were working. (T. 27.) Bobby Glenn saw Appellant take only a motor from the garage. (T. 27.) Appellant returned to the house, told his mother he had loaded up all his stuff, left the key to his father's garage on the table, and told his mother he was never coming back. (T. 17.)

{¶13} After that incident, Michael Hunt revised his will. (T. 17.) Michael Hunt executed a new will on January 21, 2009, where he left his estate, including personal property, to Suzanne Hunt. (T. 9.) Michael Hunt passed away on April 17, 2009. (T. 20.)

{¶14} Suzanne Hunt asked Appellee Allen and Bobby Glenn to clean out her husband's garage. (T. 20.) Suzanne Hunt testified it was her husband's wish that Bobby Glenn receive the tools from the garage after he died. (T. 19.) The tools were removed from the garage at Suzanne Hunt's direction but were stored at Appellee Doran's property. (T. 36.) Appellee Doran testified there were two items in the garage belonging to Appellant and these items were returned to Appellant. (T. 38-39.)

{¶15} Appellee Doran testified as to Appellant's claim of breach of contract regarding a chassis Appellant stated he agreed to rebuild for Appellee Doran for $1,600. Appellee Doran stated he was aware of a chassis obtained by Appellant. (T. 37.) He stated it was just two frame rails and it was under a 1947 Thems, an English panel truck. Appellee Doran denied ever asking Appellant to work on a chassis. (T. 37.)

{¶16} Appellee Doran testified regarding the attorney's fees he and Appellee Allen incurred in the defense of this case. (T. 40.) Appellee Doran and Allen retained the same attorney to represent them. *Id.* The attorney bill, submitted without objection as Exhibit A, showed a fee of $5,642.83.

{¶17} The trial court took the matter under advisement and would not render a judgment until after the parties filed their post-hearing briefs with supporting affidavits. (T. 52.)

{¶18} On March 22, 2011, the motion for frivolous conduct sent by certified mail to Appellant was returned to the Licking County Clerk of Courts as unclaimed.

{¶19} Appellant filed his post-hearing brief with supporting affidavits on April 11, 2011. In his brief, Appellant argued he filed a verified complaint, which allegations can be considered evidence if the allegations were in the personal knowledge of the affiant. Appellant also attached several affidavits from individuals who stated they knew that Appellant kept tools and personal property owned by Appellant at Michael Hunt's garage. Appellant finally attached an incident report from the Licking County Sheriff's Department where Appellant went to his parent's house on November 1, 2009 demanding his property and his mother called the police. Appellee Doran was

present and denied Appellant had any property left in the garage. Appellant did not file affidavit evidence as to the attorney's fees.

{¶20} Appellees filed their post-hearing brief on May 5, 2011. Appellees argued Appellant's witnesses failed to mention with specificity what tools Appellant kept at his father's garage or when they witnessed Appellant's property at the garage. The Appellees also attached an affidavit from their counsel stating the attorney's fees charged in this case were reasonable and proper within the community and for the type of work rendered.

{¶21} On June 6, 2011, the trial court issued a judgment entry granting Appellees' motion for frivolous conduct under R.C. 2323.51(A)(2)(iii). As a sanction, the trial court awarded Appellees $5,642.83 in attorney's fees.

{¶22} It is from this judgment Appellant now appeals.

**ASSIGNMENT OF ERROR**

{¶23} Appellant raises one Assignment of Error:

{¶24} "I. THE TRIAL COURT ERRED IN GRANTING THE MOTION FOR FRIVOLOUS CONDUCT OF DEFENDANTS RON DORAN AND EUGENE ALLEN AND IN AWARDING ATTORNEYS' FEES."

**ANALYSIS**

{¶25} Appellant argues in his sole Assignment of Error the trial court erred in granting Appellees' motion for frivolous conduct and awarding Appellees attorney's fees. We disagree.

**Frivolous Conduct under R.C. 2323.51**

{¶26} R.C. 2323.51 provides that a trial court may award court costs, reasonable attorney fees, and other reasonable expenses incurred in connection with the civil action or appeal to any party to the civil action or appeal who was adversely affected by frivolous conduct. *Huntsman. v. Lowery*, 5th Dist. No. 2003CA00210, 2004-Ohio-753, ¶11. "The statute defines frivolous conduct as conduct by a party to a civil action that (1) serves merely to harass or maliciously injure another party to the action or is for another improper purpose, such as causing unnecessary delay or a needless increase in the cost of litigation; (2) is not warranted under existing law and cannot be supported by a good-faith argument for a modification of existing law or the establishment of new law; (3) consists of allegations or other factual contentions that have no evidentiary support or are unlikely to have support after further investigation or discovery; or (4) consists of denials or factual contentions that are not warranted by the evidence or are not reasonably based on a lack of information or belief." *Bowling v. Stafford & Stafford Co., L.P.A.*, 1st Dist. No. C-090565, 2010-Ohio-2769, ¶7 citing R.C. 2323.51(A)(2)(a)(i)-(iv). In the present case, Appellees brought their motion for frivolous conduct under R.C. 2323.51(a)(2)(iii), arguing Appellant's allegations and factual claims had no evidentiary support or were unlikely have to have support after further investigation or discovery. There is no requirement in the statute that the party seeking sanctions be the prevailing party in the underlying action. *Bowling, supra.*

{¶27} There is no single standard of review applicable to a R.C. 2323.51 action. *Huntsman, supra.* The standard of review applied to the case depends on whether there are questions of law or of fact, or whether there are mixed questions of

law and fact. *Ferron v. Video Professor, Inc.*, 5th Dist. No. 10 CAE 01 0008, 2010-Ohio-3585, ¶28 citing *Wiltberger v. Davis*, 110 Ohio App.3d 46, 673 N.E.2d 628 (10th Dist.1996). With respect to purely legal issues, we follow a de novo standard of review and need not defer to the judgment of the trial court. *Wiltberger, supra*, at 51-52, 673 N.E.2d 628. "However, we do find some degree of deference appropriate in reviewing a trial court's factual determinations; accordingly, we will not disturb a trial court's findings of fact where the record contains competent, credible evidence to support such findings. *Id*. This standard of review of factual determinations is akin to that employed in a review of the manifest weight of the evidence in civil cases generally, as approved in *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 376 N.E.2d 578." *Id.* at 51-52, 376 N.E.2d 578.

{¶28} "Where a trial court has found the existence of frivolous conduct, the decision whether or not to assess a penalty lies within the sound discretion of the trial court." *Id.* Abuse of discretion requires more than simply an error of law or judgment, implying instead that the court's attitude is unreasonable, arbitrary or unconscionable. *Tracy v. Merrell-Dow Pharmaceuticals, Inc.*, 58 Ohio St.3d 147, 152, 569 N.E.2d 875 (1991).

### Notice of Evidentiary Hearing

{¶29} Appellant argues the trial court erred in denying Appellant's oral motion to continue the evidentiary hearing because Appellant's counsel stated he did not receive written notice of the hearing. On March 2, 2011, the trial court issued a scheduling order that stated, "STATUS CONFERENCE AND ORAL HEARING ON MOTION FOR FRIVOLOUS CONDUCT" to be held on March 21, 2011 at 1:30 p.m.

The order was sent to counsel for the parties utilizing the counsels' correct mailing addresses. Appellant states he did not receive the order but reviewed the Licking County Clerk of Courts' online docket. The online docket summarized the March 2, 2011 order as a status conference. Appellant's counsel appeared at court on March 21, 2011 expecting a status conference.

{¶30} Appellant's counsel requested a continuance of the hearing based on the lack of notice, but the trial court denied the motion. Counsel requested that Appellant be permitted to file a supplemental memorandum contra to provide additional evidence in affidavit form, which Appellant would have provided at the hearing. The trial court permitted supplemental memorandum to be filed.

{¶31} In order to award sanctions, R.C. 2323.51(B)(2)(a) requires a trial court to set a date for a hearing to determine whether the conduct was frivolous and whether the frivolous conduct adversely affected a party to the action. The trial court must provide notice of the hearing to each party or counsel of record who allegedly engaged in the frivolous conduct and to any party who was allegedly adversely affected by the frivolous conduct. R.C. 2323.51(B)(2)(b). The trial court must then conduct a hearing at which the court "allows the parties and counsel of record involved to present any relevant evidence, including evidence of reasonable attorney's fees. R.C. 2323.51(B)(2)(c) and 2323.51(B)(5)(a).

{¶32} There is no dispute in the present case the trial court complied with R.C. 2323.51(B)(2) by providing notice of the hearing to the attorneys of record. Appellant argues that his counsel inadvertently did not receive notice of the hearing. We find Appellant suffered no prejudice by his counsel's failure to receive notice of the hearing

and the trial court's denial of Appellant's request for continuance. Counsel was present at the evidentiary hearing, counsel was able to cross-examine Appellees' witnesses, and Appellant was permitted to file a post-hearing brief with affidavits from the witnesses he would have presented at the hearing. Further, the granting of continuances is within the sound discretion of the trial court. *State v. McMilen*, 113 Ohio App.3d 137, 680 N.E.2d 665 (3rd Dist.1996). We find no error by the trial court's denial of Appellant's motion to continue the hearing.

**Evidence of Frivolous Conduct Warranting Sanctions**

{¶33} Appellant contends the trial court abused its discretion in finding Appellant's claims against Appellees had no evidentiary support and were unlikely to have evidentiary support after a reasonable opportunity for further investigation or discovery, thereby making a finding of frivolous conduct under R.C. 2323.51(A)(2)(iii). Appellant submits, and Appellees agree, the issue of whether Appellant engaged in frivolous conduct involves only factual questions, as opposed to legal questions. As such, we will not disturb the trial court's findings of facts if the record contains competent, credible evidence to support those findings. *Bowling v. Stafford & Stafford Co., L.P.A.* 1st Dist. No. C-090565, 2010-Ohio-2769, ¶ 8. The standard of review of factual determinations is akin to that employed in a review of the manifest weight of the evidence in civil cases. *Wiltberger, supra*.

{¶34} The trial court found, after considering the evidence presented at the hearing and the evidence presented by post-hearing brief, there was no evidentiary support for Appellant's claims of conversion, criminal theft, unjust enrichment, or breach of contract. Appellant argues the trial court incorrectly characterized the status

of the evidence before the court and therefore the trial court abused its discretion in finding there was frivolous conduct.

{¶35} First, Appellant contends the trial court inaccurately stated in the June 6, 2011 judgment entry that Appellant did not provide his own affidavit. Appellant states the complaint filed by Appellant on July 19, 2010 was a verified complaint and was akin to filing an affidavit to be considered by the trial court. A trial court can accept factual averments in a verified complaint as evidence, but only to the extent that those averments are within the personal knowledge of the affiant who verified the complaint. *Brunner Firm Co., L.P.A. v. Bussard,* 10th Dist. No. 07AP-867, 2008-Ohio-4684, ¶13-14. A review of Appellant's complaint shows that his claims are within his personal knowledge and the verified complaint could have been considered by the trial court as evidence.

{¶36} Second, Appellant takes exception at the trial court's characterization of the length of discovery in this case. The trial court states there were "several months of discovery" and within this time, Appellant did not provide evidentiary support for his allegations. (June 6, 2011 Judgment Entry.) Appellant states that Appellant never submitted discovery requests to Appellees and Appellees submitted discovery requests to which Appellant never responded because of his health issues. Appellant contends that the lack of discovery in this case prohibits a finding that Appellant's claims would not have evidentiary support after a reasonable opportunity for further investigation or discovery under R.C. 2323.51(A)(2)(iii).

{¶37} We find the evidence presented in the hearing and post-hearing briefs, even considering Appellant's verified complaint, supports the trial court's conclusion

that Appellant's contentions have no evidentiary support and were not likely to have evidentiary support after a reasonable time for further investigation or discovery. The trial court is in the best position to consider the witnesses and their testimony. Appellant claimed he had tools and property in his father's garage, but Appellant, through his verified complaint or separate post-hearing affidavit, never stated what tools or property Appellees allegedly converted. None of Appellant's witnesses could state with specificity what tools or property remained in the garage after Appellant's father's death. Two of Appellees' witnesses testified as to the chassis involved in Appellant's breach of contract claim, but both denied there being a contract for Appellant to work on the chassis for payment.

{¶38} The undisputed fact in this case is there was a disagreement between Appellant and his parents. Appellant's father revised his will to give all his property to Appellant's mother. After his father's death, his mother distributed the contents of the garage according to her husband's wishes. Under these facts, there was competent, credible evidence to find frivolous conduct under R.C. 2323.51(A)(2)(iii) for Appellant's claims of conversion, criminal theft, unjust enrichment, and breach of contract against Appellees.

**Attorney's Fees**

{¶39} Appellant finally argues the trial court erred in awarding attorney's fees to Appellees because they failed to meet their burden under R.C. 2323.51 to demonstrate the attorney's fees were reasonable. At the hearing, Appellees submitted Exhibit A, which was a statement of Appellees' attorney's fees in the amount of $5,642.83. Appellees attached an affidavit from their counsel to their post-

hearing brief. The affidavit stated the fees represented a reasonable and customary fee considering the time expended labor performed in the case. Appellant did not present contradictory evidence as to the reasonableness of the fees in his post-hearing brief. In the June 6, 2011 judgment entry, the trial court found the attorney's fees to be reasonable based on Exhibit A, counsel's affidavit, and the lack of contradictory evidence. The trial court awarded $5,642.83 to Appellees as a sanction for Appellant's frivolous conduct.

{¶40} In *Canton v. Irwin*, 5th Dist. No. 2011CA00029, 2012-Ohio-344, this Court recently discussed the award of attorney's fees. We discussed the standard by which a court of appeals may review an award of attorney's fees:

> "It is well settled that where a court is empowered to award attorney fees by statute, the amount of such fees is within the sound discretion of the trial court. Unless the amount of fees determined is so high or so low as to shock the conscience, an appellate court will not interfere." *Bittner v. Tri–County Toyota, Inc.* (1991), 58 Ohio St.3d 143, 146, 569 N.E.2d 464, quoting *Brooks v. Hurst Buick-Pontiac-Olds-GMC, Inc.* (1985), 23 Ohio App.3d 85, 91, 491 N.E.2d 345. "There are over 100 separate statutes providing for the award of attorney's fees; and although these provisions cover a wide variety of contexts and causes of action, the benchmark for the awards under nearly all of these statutes is that the attorney's fee must be 'reasonable'." *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air* (1986), 478 U.S. 546, 562, 106 S.Ct. 3088, 3096, 92 L.Ed.2d 439.

*  *  *

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. This calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services." *Hensley v. Eckerhart* (1983), 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40. *See*, *also Bittner v. Tri-County Toyota, Inc., supra*, 58 Ohio St.3d at 145, 569 N.E.2d at 466.

To establish the number of hours reasonably expended, the party requesting the award of attorney fees "should submit evidence supporting the hours worked...." *Hensley*, 461 U.S. at 433, 103 S.Ct. at 1939. The number of hours should be reduced to exclude "hours that are excessive, redundant, or otherwise unnecessary" in order to reflect the number of hours that would properly be billed to the client. *Id.* at 434, 103 S.Ct. at 1939-40. A reasonable hourly rate is defined as "the 'prevailing market rate in the relevant community.'" *Blum v. Stenson* (1984), 465 U.S. 886, 895, 104 S.Ct. 1541, 1547, 79 L.Ed.2d 891.

The party requesting an award of attorney fees bears the burden "to produce satisfactory evidence -- in addition to the attorney's own affidavit -- that the requested rate [is] in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, *supra* 465 U.S. at 895 n. 11, 104 S.Ct. at 1547 n. 11.

*Canton v. Irwin*, at ¶11, ¶13-15.

{¶41} To enable the appellate court to conduct a meaningful review, "the trial court must state the basis for the fee determination." *Id.* citing *Bittner*, 58 Ohio St.3d at 146. In its judgment entry sub judice, the trial court stated it based its decision to award $5,642.83 as a sanction "on the account submitted as Exhibit A and Mr. Greene's affidavit." (June 6, 2011 Judgment Entry.) We find Exhibit A and the counsel's affidavit were sufficient evidence for the trial court to determine the reasonableness of the attorney's fees for defending against Appellant's complaint.

**CONCLUSION**

{¶42} Accordingly, we find Appellant suffered no prejudice in this case by failing to receive written notice of the evidentiary hearing. Further, we find there was competent, credible evidence to support Appellees' claim for frivolous conduct under R.C. 2323.51 and no abuse of discretion to award reasonable attorney's fees as a sanction for Appellant's frivolous conduct. Appellant's Assignment of Error is overruled.

{¶43} The judgment of Licking County Court of Common Pleas is affirmed.

By: Delaney, P. J.

Gwin, J. and

Edwards, J. concur.

_____
HON. PATRICIA A. DELANEY

_____
HON. W. SCOTT GWIN

_____
HON. JULIE A. EDWARDS

[Cite as *Hunt v. Allen*, 2012-Ohio-1212.]

IN THE COURT OF APPEALS FOR LICKING COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| THOMAS HUNT | : | |
| | : | |
| | : | |
| Plaintiff-Appellant | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| EUGENE ALLEN, et al. | : | |
| | : | |
| | : | Case No. 11-CA-70 |
| Defendants-Appellees | : | |

 

For the reasons stated in our accompanying Opinion on file, the judgment of the

Licking County Court of Common Pleas is affirmed. Costs assessed to Appellant.

 

 

_____
HON. PATRICIA A. DELANEY

 

_____
HON. W. SCOTT GWIN

 

_____
HON. JULIE A. EDWARDS