[Cite as *In re R.H.* , 2012-Ohio-1811.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| IN RE: | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. Sheila G. Farmer, J. |
| R.H. | : | Hon. Julie A. Edwards, J. |
|  | : |  |
| MINOR CHILD | : |  |
|  | : | Case No. 2012-CA-00008 |
|  | : |  |
|  | : |  |
|  | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Civil appeal from the Stark County Court of Common Pleas, Juvenile Division, Case No. 2010JCV00051

JUDGMENT:      Affirmed

DATE OF JUDGMENT ENTRY:      April 23, 2012

APPEARANCES:

For Plaintiff-Appellee      For Defendant-Appellant

JERRY COLEMAN
SCDJ & FS
110 Central Plaza S.
Canton, OH 44702

STACEY M. ZIPAY
Stark County Public Defender
200 W. Tuscarawas St., Suite 200
Canton, OH 44702

*Gwin, P.J.*

{¶1} Appellant L.H., the mother of the minor child R.H., appeals a judgment of the Court of Common Pleas, Juvenile Division, of Stark County, Ohio, overruling her motion to continue the final hearing on appellee Stark County Job & Family Services' motion for permanent custody of R.H. Appellant assigns a single error to the trial court:

{¶2} "I. THE TRIAL COURT ERRED IN DENYING APPELLANT'S REQUEST TO CONTINUE THE PERMANENT CUSTODY TRIAL."

{¶3} On December 13, 2011, the trial court conducted a hearing on the motion. Appellant was not present, but was represented by counsel. At the start of the hearing, appellant's counsel moved for a continuance of the proceedings, indicating she had not been able to contact appellant. Appellant's counsel stated she had spoken with the on-going case worker, who told her appellant wished to stipulate to the matter, but was very depressed. Appellant's counsel asked the court to continue the matter in order to give her the opportunity to go to appellant's home and attempt to speak with her there.

{¶4} Appellee responded that it would not object to a continuance if the court would name an expedited date so the matter could be heard quickly. However, if it would be months before the case would come back before the court, appellee would prefer to proceed immediately. The court proceeded with the hearing.

{¶5} A parent has a fundamental liberty interest in the care, custody, and management of his or her child and an essential and basic civil right to raise his or her children. *In re Murray*, 52 Ohio St.3d 155, 156, 556 N.E.2d 1169 (1990). However, a parent's right is not absolute. "The natural rights of a parent * * * are always subject to

the ultimate welfare of the child, which is the polestar or controlling principle to be observed." *In re Cunningham*, 59 Ohio St.2d 100, 106, 391 N.E.2d 1034 (1979).

{¶6} At the hearing, the on-going case worker testified she spoke with appellant approximately a week prior to the hearing, on a Monday. Appellant was very upset and said she wanted Wednesday to be her final visit with her son. Appellant indicated she would sign over her rights and just be done with it all because she had worked with the agency for six years and needs to move on and work on herself. The case worker testified she informed appellant a semi-annual review was scheduled for the following day, Tuesday, and they could sign the necessary paperwork then and do the final visit on Wednesday. Appellant indicated to the case worker she would come on Tuesday, but did not appear.

{¶7} The case worker testified appellant had not visited with R.H. for approximately a month prior to this hearing, and had cancelled a lot of visits because of her health and the stress associated with her involvement with appellee. The case worker testified she had unsuccessfully attempted to contact appellant the morning of the hearing.

{¶8} The record indicates R.H. had been in appellee's custody since he was three days old, and at the time of the hearing he was nearly two years old.

{¶9} The decision to grant or deny a motion for continuance rests within the sound discretion of the trial court. *State v. McMilen*, 113 Ohio App.3d 137, 680 N.E.2d 665 (3rd Dist.1996). This court may not reverse a court's decision unless we find it has abused its discretion. *State v. Unger,* 67 Ohio St.2d 65, 67, 423 N.E.2d 1078 (1981). The Supreme Court has defined the term abuse of discretion as demonstrating the trial

court's attitude is unreasonable, arbitrary, or unconscionable.  See*, e.g.*, *Blakemore v. Blakemore,* 5 Ohio St. 3d 217, 219, 450 N.E.2d 1140 (1983).

**{¶10}**  We find the trial court did not abuse its discretion in overruling the motion to continue the permanent custody hearing.  Appellant had notice of the hearing and was represented by counsel at the hearing.

**{¶11}**  The assignment of error is overruled.

**{¶12}**  For the foregoing reasons, the judgment of the Court of Common Pleas, Juvenile Division, of Stark County, Ohio, is affirmed.

By Gwin, P.J.,

Farmer, J., and

Edwards, J., concur

_____
HON. W. SCOTT GWIN

_____
HON. SHEILA G. FARMER

_____
HON. JULIE A. EDWARDS

WSG:clw 0409

[Cite as *In re R.H.*, 2012-Ohio-1811.]

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

IN RE:

R.H.                                    :
                                        :
                                        :
MINOR CHILD                             :
                                        :
                                        :
                                        :       JUDGMENT ENTRY
                                        :
                                        :
                                        :
                                        :       CASE NO. 2012-CA-00008


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Juvenile Division, of Stark County, Ohio, is affirmed. Costs to appellant.


_____
HON. W. SCOTT GWIN

_____
HON. SHEILA G. FARMER

_____
HON. JULIE A. EDWARDS