[Cite as *In re Fontes Children*, 2014-Ohio-1221.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| IN THE MATTER OF: | : | JUDGES: |
| | : | |
| FONTES CHILDREN | : | Hon. W. Scott Gwin, P.J. |
| | : | Hon. Sheila G. Farmer, J. |
| MINOR CHILDREN | : | Hon. Craig R. Baldwin, J. |
| | : | |
| | : | |
| | : | Case No. 2013CA00242 |
| | : | |
| | : | O P I N I O N |

CHARACTER OF PROCEEDING: Appeal from the Stark County Court
of Common Pleas, Juvenile Division
Case No. 2013 JCV 00321

JUDGMENT: Affirmed

DATE OF JUDGMENT: March 24, 2014

APPEARANCES:

For Appellee

JERRY A. COLEMAN
Stark County Department of Job &
Family Services Legal Counsel
221 Third Street SE
Canton, OH 44702

For Appellant Mother

MARY G. WARLOP
Abney Law Office, LLC
116 Cleveland Ave. NW, Suite 500
Canton, OH 44702

*Baldwin, J.*

{¶1}     Appellant A.W. appeals from the November 15, 2013 Judgment Entry of the Stark County Court of Common Pleas, Family Court Division, terminating her parental rights and granting permanent custody of L.F. and K.F. to the Stark County Department of Job and Family Services.

STATEMENT OF THE FACTS AND CASE

{¶2}     Appellant A.W. is the mother of L.F. (DOB 9/12/11) and K.F. (DOB 9/25/12).   On April 3, 2013, a complaint was filed alleging that the two children were dependent and neglected.   Stark County Department of Job and Family Services (SCDJFS) sought temporary custody of the children. Following a shelter care hearing on April 4, 2013, the children were placed into the temporary custody of SCDJFS.

{¶3}     A hearing was scheduled for May 1, 2013. Appellant, who was served, failed to appear for the same. The Magistrate, in an Order filed on May 2, 2013, set an evidentiary hearing for June 25, 2013. On June 25, 2013, neither appellant nor the child's   father, who is not a party to this appeal, appeared despite having been served with notice. Pursuant to a Magistrate's Decision filed on June 26, 2013, the Magistrate found the children to be neglected children.  The Magistrate, in her Decision, stated that appellant had signed a safety plan with the agency, but constantly evaded the agency's attempts at contact. The Magistrate, in a separate decision filed the same day, found that reasonable efforts had been made to prevent the need for removal of the children from the home. The children were continued in the temporary custody of SCDJFS.

{¶4}     Thereafter, on September 30, 2013, SCDJFS filed a motion seeking permanent custody of the children. A review hearing was held before a Magistrate on

October 1, 2013. Appellant did not appear for the hearing. The Magistrate, in her October 2, 2013 Order, stated that appellant had never appeared for any court hearing, had "no showed for Deliverance House" and had not visited the children for more than 90 days. The Magistrate also noted that appellant, who admitted to using cocaine, had not dropped any urines as ordered. A hearing on the motion for permanent custody was scheduled for November 12, 2013.

{¶5} Appellant did not appear on November 12, 2013 but was represented by counsel. At the hearing, the following discussion took place on the record:

{¶6} ATTY FRANK:        Thank you, Your Honor. Um…at this time, our office just received this case um…about a week and a half ago. Ms. Welsh [appellant] came to our office to get an attorney. I was assigned to this case I believe at the beginning of last week. At this point, um…I've only spoken to Ms. Welsh once and that was this morning when she indicated that she is currently at Aultman Hospital, uh…seeking in-patient drug and alcohol treatment and I believe mental health treatment. Um…at this point, I have to be honest, I am not currently ready to go forward with the PC, this was also misfiled (inaudible) at our office as an adjudication hearing, not as a PC hearing. Um…I did not receive papers that us…Ms. Welsh's father brought to me, uh…about five minutes ago. That I would ha, like an opportunity to go over it. I'd also like an opportunity to go over any discovery, what the State has um…so, at this point, I would just ask for a continuance in this matter.

{¶7} THE COURT:        Any objection?

{¶8} ATY EOFF:        Your Honor, I would not agree to the motion, only because we have had this case since April of 2013. Mother has never founded

(inaudible) schedule to come to a court hearing. In fact, I think attorney Frank would need to be appointed today because mother's never exercised her right to counsel. Technically speaking. Um…I view this in-patient hospitalization to be a delay tactic, so…that's the feeling of the State.

{¶9} Transcript at 3-4.

{¶10} The trial court then denied the motion for a continuance.

{¶11} At the hearing, Lisa Eggenschweiler, an employee with SCDJFS, testified that she became involved with the children in May of 2013 and that there were concerns about substance abuse, a dirty home and neglect. She testified that the children had been in the agency's custody continuously since June 25, 2013. According to Eggenschweiler, appellant's case plan required her to complete a parenting evaluation at Northeast Ohio Behavioral Heath. While appellant scheduled an appointment for June 10, 2013, she did not attend and did not call to reschedule. Eggenschweiler also testified that appellant was to complete a Quest assessment, but was dishonest about her substance abuse and did not follow through with treatment. She further testified that appellant was to enter IOP (intensive out-patient treatment) and never did and that appellant was to be assessed by Deliverance House, but did not make it to the assessment. While appellant was to submit to urine testing on Mondays, Wednesdays and Fridays, she failed to submit to any urine screens and that a forensic fluid test that appellant submitted in May of 2013 was positive for cocaine and marijuana. Appellant also was to begin Goodwill Parenting after ninety days of sobriety, but was unable to maintain sobriety. According to Eggenschweiler, there was a bench warrant out for appellant, who had last visited with her children on June 4, 2013.

{¶12} On cross-examination, Eggenschweiler testified that the Quest assessment that appellant completed indicated that she needed intensive out-patient treatment and in–patient treatment. Deliverance House was the in-house treatment. Appellant had been scheduled for an assessment with Deliverance House on August 26, 2013. Eggenschweiler testified that appellant admitted to her that she had a drug problem and that appellant knew she needed in-patient treatment. According to her, appellant "has not demonstrated any motivation to, to do services at all." Transcript at 11.

{¶13} At the best interest hearing, Eggenschweiler testified that the children had been placed together in a foster home and were doing well. One of the children had a speech delay. She testified that they were bonded to their foster family and to the other children in the house and that the family was bonded to them. According to Eggenschweiler, the foster family met the children's needs.

{¶14} Eggenschweiler further testified that she looked into placing the children with their maternal grandmother, but that the grandmother had violated the safety plan that was in place before the motion was filed and had given the children back to appellant. For such reason, and due to other concerns, the agency believed that the maternal grandmother was not an appropriate placement. Eggenschweiler also testified that when appellant did visit with the children she spent a lot of time on her cell phone and often did not interact with them. She stated that it was appellant's choice not to have visited with the children since June 4, 2013 and that the children never asked for appellant. Eggenschweiler testified that the children would benefit from permanency and the hope of adoption in this case.

{¶15}   On redirect, Eggenschweiler admitted that appellant did complete two assessments and did visit on occasion.

{¶16}   The Guardian ad Litem, in a written report, recommended that permanent custody be granted to the agency.

{¶17}   Pursuant to a Judgment Entry filed on November 15, 2013, the trial court terminated appellant's parental rights and granted permanent custody of L.F. and K.F. to SCDJFS.  The trial court found that the children were neglected children, that they had been abandoned and that it was in their best interest for permanent custody to be granted.  The trial court filed Findings of Fact and Conclusions of Law on the same date.

{¶18}   Appellant now raises the following assignment of error on appeal:

{¶19}   THE TRIAL COURT ABUSED ITS DISCRETION BY DENYING MOTHER'S MOTION TO CONTINUE.

I

{¶20}   Appellant, in her sole assignment of error, argues that the trial court erred in denying her motion for a continuance.

{¶21}   The decision to grant or deny a motion for continuance rests within the sound discretion of the trial court. *State v. McMilen,* 113 Ohio App.3d 137, 680 N.E.2d 665 (3rd Dist .1996). This Court may not reverse a trial court's decision unless we find it has abused its discretion. *State v. Unger,* 67 Ohio St.2d 65, 67, 423 N.E.2d 1078 (1981). The Supreme Court has defined the term abuse of discretion as demonstrating the trial court's attitude is unreasonable, arbitrary, or unconscionable. See, e.g., *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶22} In evaluating whether the trial court has abused its discretion in denying a continuance, appellate courts apply a balancing test that takes into account a variety of competing considerations: "A court should note, inter alia: the length of the delay requested; whether other continuances have been requested and received; the inconvenience to litigants, witnesses, opposing counsel and the court; whether the requested delay is for legitimate reasons or whether it is dilatory, purposeful, or contrived; whether the defendant contributed to the circumstance which gives rise to the request for a continuance; and other relevant factors, depending on the unique facts of each case." *In re B.B.,* 5th Dist. Stark No.2010CA00151, 2010–Ohio–4618, ¶ 38, citing *Unger,* supra, 67 Ohio St.2d at 67–68.

{¶23} We find the trial court did not abuse its discretion in denying the motion to continue the permanent custody hearing because the trial court's decision was not arbitrary, unconscionable or unreasonable. As noted by appellee, appellant failed to appear for any court hearing during the pendency of this case despite service. The case had been pending since April 3, 2013. Moreover, while appellant was given the chance to engage in substance abuse treatment throughout this case, she failed to do so and conveniently waited until the morning of trial to seek in-patient drug and alcohol treatment at the hospital. Furthermore, appellant made no attempt to obtain counsel until a week and a half before the November 12, 2013 hearing.

{¶24} Appellant's sole assignment of error is, therefore, overruled.

{¶25}   Accordingly, the judgment of the Stark County Court of Common Pleas, Juvenile Division is affirmed.

By: Baldwin, J.

Gwin, P.J. and

Farmer, J. concur.