Delaney, J.
{¶1} Appellant Hoover Kacyon, LLC appeals the September 22, 2017 and January 22, 2018 judgment entry of the Stark County Court of Common Pleas, Domestic Relations Division.
FACTS AND PROCEDURAL HISTORY
{¶1} Plaintiff Marla Martell and Defendant-Appellee Michael Martell were married *268 on May 30, 1981. Wife filed a complaint for divorce on May 1, 2015.
{¶2} Wife and Husband were represented by counsel during the divorce proceedings. After 12 months, the parties entered into a Separation Agreement. The Decree of Divorce was filed on May 27, 2016.
Wife's Motion for Relief from Judgment
{¶3} On January 5, 2017, Attorneys Corinne Hoover Six, Joseph Kacyon, and Tad Orval Hoover filed a notice of appearance as counsel for Wife in the divorce proceeding.
{¶4} On January 25, 2017, Wife filed a motion under Civ.R. 60(B), requesting relief from the May 27, 2016 Decree of Divorce and Separation Agreement. The motion was signed by Attorney Corinne Hoover Six, on behalf of herself and Attorney Tad Orval Hoover. Wife argued she was entitled to relief from judgment due to newly discovered evidence, fraud and/or misrepresentation, or for any other reason justifying relief from judgment. In support of her motion for relief from judgment, Wife attached her affidavit and the affidavits of her primary care physician and her therapist. She also attached a copy of an Outpatient Neuropsychological Consultation completed on June 29, 2016.
{¶5} Wife raised two issues to support her argument that she was entitled to relief from the Separation Agreement and Decree of Divorce. First, she argued that after the divorce, Wife learned Husband failed to disclose additional marital debts and assets. Wife referred to three assets and two debts she claimed Husband failed to disclose at the time of the divorce.
{¶6} Second, she argued that based on her mental health at the time of the parties' negotiations, Wife lacked the requisite mental capacity to contract when she signed the Separation Agreement. She further contended she signed the Separation Agreement and Decree of Divorce under duress. During the parties' marriage, Wife was under the care of multiple health professionals based on her diagnoses for multiple sclerosis ("MS"), rheumatoid arthritis, and depression. MS is an autoimmune disorder that causes inflammation within the central nervous system, damaging the myelin and nerve fibers. Wife claimed that her MS was in remission, but the stress of the divorce proceedings caused her MS symptoms to flare. She stated that MS has a cognitive component, which made it difficult for her to understand concepts and the effects of her decisions. On May 7, 2016, Wife was involved in a car accident. She was taken to the emergency room and admitted to the psychiatric ward until May 9, 2016. Upon her release, she was given an MRI, which showed plaque on her brain, a symptom of MS. On May 14, 2016, Wife met with her therapist, whom she saw for anxiety and depression. Wife signed the Separation Agreement on May 27, 2016.
{¶7} In support of her motion for relief from judgment, the affidavit of her primary care physician stated she noted memory impairments and memory loss due to flares in Wife's MS symptoms. The MRI scan showed plaque on Wife's brain which could cause short-term memory issues. The primary care physician concluded her affidavit with the statement that she believed Wife had memory impairment issues that would make her incapable of understanding the issues related to her divorce or entering into contracts in May 2016.
{¶8} Wife also submitted the affidavit of her therapist. Wife had been treating with the therapist since 2010 for anxiety and depression. The therapist averred that during her sessions, Wife showed signs of *269 memory impairment, such as confusion and disorientation. It was the opinion of her therapist that Wife was in no mental condition to sign the Separation Agreement or Divorce Decree in May 2016. The therapist believed Wife was incapacitated when she signed the documents and had no cognitive understanding of what she signed.
Wife Amends Motion for Relief from Judgment
{¶9} On March 17, 2017, Wife amended her motion for relief from judgment. The amended motion was signed by Attorney Corinne Hoover Six, on behalf of herself and Attorney Tad Orval Hoover. Wife withdrew her claims of fraud and misrepresentation as to the marital debts and assets. Wife stated she determined Husband had provided all information through discovery during the course of the divorce proceedings.
Husband Files Motion for Sanctions and Trial Court Grants Motion
{¶10} On June 14, 2017, Husband filed a motion for sanctions against Wife and her counsel, Corinne Hoover Six, Joseph Kacyon, and Tad Orval Hoover. Husband alleged Wife's motion for relief from judgment was frivolous and brought in bad faith, causing him unnecessary legal expenses and costs.
{¶11} On August 15, 2017, the trial court held a hearing on Husband's motion for sanctions (and three other pending motions not relevant to this appeal). The parties presented their arguments by brief, but also presented testimony from Husband and Wife.
{¶12} On September 22, 2017, the trial court issued its judgment entry granting Husband's motion for sanctions as to Wife's motion for relief from judgment pursuant to Civ.R. 11 and R.C. 2323.51. The trial court only considered Wife's motion for relief judgment as it pertained to whether Husband concealed marital assets and debts. The trial court considered whether Wife's counsel exercised due diligence to ascertain whether or not Wife's claims of financial misconduct by Husband had merit. In making its determination, the trial court considered the reliability of Wife's statements to her counsel based on Wife's claimed cognitive limitations. The trial court found pursuant to Civ.R. 11, "current counsel did not carefully investigate the claims of Plaintiff before serving and filing the current litigation documents." The trial court next found the conduct of Wife and current counsel in filing the Civ.R. 60(B) motion constituted frivolous conduct under R.C. 2323.51. Accordingly, the trial court found an award of attorney's fees and costs incurred by Husband was warranted.
{¶13} The trial court next analyzed the reasonableness of attorney's fees. The parties presented their claims by arguments of counsel, without requiring independent proof of reasonable hourly charges or total claim for fees and costs. Based on the representations, the trial court found that Husband was entitled to attorney's fees and costs in the amount of $34,620.00. The trial court awarded $34,620.00 to Husband "and against Plaintiff and current counsel." (Judgment Entry, Sept. 22, 2017).
{¶14} Wife and her counsel paid the judgment of $34,620.00 to Husband with counsel's IOLTA account.
Wife Dismisses Remainder of Motion for Relief from Judgment
{¶15} On September 27, 2017, Wife dismissed the remainder of her pending motion for relief from judgment. The notice of dismissal was signed by Attorney Corinne Hoover Six, on behalf of herself and Attorney Tad Orval Hoover.
*270 Husband Files Motion for Sanctions and Trial Court Grants Motion
{¶16} Husband filed a motion for sanctions against Wife and her counsel pursuant to Civ.R. 11, R.C. 2323.51, and R.C. 3105.73 on October 5, 2017. Husband argued counsel and Wife engaged in frivolous conduct for filing a motion for relief from judgment alleging Wife was incompetent and under duress at the time she and Husband entered into the Separation Agreement and Decree of Divorce. In the motion, Husband requested attorney's fees and costs in the amount of $85,228.17.
{¶17} The trial court held a hearing on the motion on December 14, 2017. The parties presented their arguments through briefs and statements of counsel. Testimony was heard on the issue of reasonableness of attorney's fees. At the hearing, Husband requested fees and costs in the amount of $101,777.00.
{¶18} The trial court issued its judgment entry on January 22, 2018. In order to determine whether the Husband was entitled to sanctions under Civ.R. 11, R.C. 2323.51, and R.C. 3105.73, the trial court examined the merits of Wife's motion for relief from judgment. The trial court found the evidence submitted by Wife failed to establish she signed the Separation Agreement and Decree of Divorce under duress. The trial court next examined whether Wife was entitled to relief from the Separation Agreement and Divorce Decree because Wife was mentally incompetent in May 2016. The trial court found the evidence presented by Husband rebutted Wife's argument and supporting evidence that she was incompetent. Husband submitted the depositions of Wife's primary care physician and therapist. Their deposition testimony conflicted with their affidavit testimony and it was discovered counsel did not confer with Wife's health professionals before filing the Civ.R. 60(B) motion. The trial court found at the time of the filing of the Civ.R. 60(B) motion, Wife's counsel did not possess good grounds pursuant to Civ.R. 11 to support the argument of incompetency. The trial court next found under R.C. 2323.51, Wife and counsel engaged in frivolous conduct when they filed a motion that had no evidentiary support. Pursuant to violations of Civ.R. 11, R.C. 2323.51, and the authority of R.C. 3105.73 to award attorney fees in post-decree motions, the trial court awarded Husband reasonable attorney fees and costs in the amount of $80,000.00 to be paid by Wife and her counsel.
{¶19} On February 21, 2018, Appellant Hoover Kacyon, LLC filed a notice of appeal of the September 22, 2017 and January 22, 2018 judgment entries of the Stark County Court of Common Pleas, Domestic Relations Division.
ASSIGNMENTS OF ERROR
{¶20} Hoover Kacyon raises three Assignments of Error:
{¶21} "I. THE TRIAL COURT ERRED AS A MATTER OF LAW, BY IMPOSING SANCTIONS UNDER CIVIL RULE 11 WITHOUT MAKING AN EXPRESS FINDING THAT HOOVER KACYON ACTED WILLFULLY AND IN BAD FAITH.
{¶22} "II. THE TRIAL COURT ERRED AS A MATTER OF LAW IN ITS APPLICATION OF OHIO REVISED CODE SECTION 2323.51 IN AWARDING ATTORNEY FEES AGAINST HOOVER KACYON.
{¶23} "III. THE TRIAL COURT ERRED AS A MATTER OF LAW IN AWARDING ATTORNEY FEES AGAINST HOOVER KACYON UNDER OHIO REVISED CODE SECTION 3105.73."
*271 ANALYSIS
I. SEPTEMBER 22, 2017 JUDGMENT ENTRY
{¶24} The first issue we address is whether we have jurisdiction to consider the appeal of the September 22, 2017 judgment entry by Appellant Hoover Kacyon, LLC. On May 18, 2018, Husband filed a motion to dismiss Hoover Kacyon's appeal of the September 22, 2017 judgment entry for lack of jurisdiction. Hoover Kacyon did not file a response to the motion to dismiss.
{¶25} Wife raised two issues in her motion for relief from judgment: (1) Husband's alleged financial misconduct and (2) Wife's alleged duress and incapacity to contract. The parties and the trial court bifurcated the two issues. After a hearing on Wife's claims of financial misconduct, the trial court granted Husband's motion for sanctions against Wife and Wife's counsel on September 22, 2017. The trial court awarded Husband $34,620.00 in damages. On October 9, 2017, Attorney Corinne Hoover Six issued a check to Husband in the amount of $34,620.00 representing the award as set forth in the September 22, 2017 judgment entry. In December 2017, the trial court next considered Wife's claims of duress and mental incapacity, for which the trial court ruled in Husband's favor on January 22, 2018. It awarded damages in the amount of $80,000.00 based on expert testimony for reasonableness of attorney fees only on the issue of duress and mental incapacity. On February 21, 2018, Hoover Kacyon filed a notice of appeal of the September 22, 2017 and January 22, 2018 judgments. Hoover Kacyon filed a motion to stay the two judgments on March 5, 2018. Husband opposed the motion because it argued the September 22, 2017 judgment was satisfied. It does not appear from the record that the trial court ruled on the motion.
{¶26} Husband contends that because Wife and her counsel voluntarily paid the September 22, 2017 judgment, the payment of the judgment renders Hoover Kacyon's appeal of the September 22, 2017 judgment moot. The Supreme Court of Ohio has long held that the satisfaction of judgment renders an appeal from that judgment moot. Blodgett v. Blodgett , 49 Ohio St.3d 243, 245, 551 N.E.2d 1249 (1990). As the court stated:
It is a well-established principle of law that a satisfaction of judgment renders an appeal from that judgment moot. " 'Where the court rendering judgment has jurisdiction of the subject-matter of the action and of the parties, fraud has not intervened, and the judgment is voluntarily paid and satisfied, such payment puts an end to the controversy, and takes away from the defendant the right to appeal or prosecute error or even to move for vacation of judgment.' "
Id. , citing Rauch v. Noble , 169 Ohio St. 314, 316, 159 N.E.2d 451, 453 (1959). See also Petersen & Petersen, Inc. v. Dinardo , 11th Dist. Geauga No. 2017-G-0134, 2018-Ohio-2585, 2018 WL 3207148, ¶ 9.
{¶27} Hoover Kacyon argues we have jurisdiction to consider the September 22, 2017 judgment entry because it could not appeal the judgment at the time it was issued. Hoover Kacyon states the September 22, 2017 judgment was not final, appealable because it was interlocutory, there were pending claims, and the judgment did not contain Civ.R. 54(B) language. We agree the September 22, 2017 judgment was interlocutory. When the trial court issued its January 22, 2018 judgment, the September 22, 2017 judgment merged into the final judgment. There is no dispute, however, Wife and her counsel *272 partially and voluntarily satisfied the judgment in this case.
{¶28} In Shumaker v. Hamilton Chevrolet, Inc. , 184 Ohio App.3d 326, 2009-Ohio-5263, 920 N.E.2d 1023 (4th Dist.), the Fourth District Court of Appeals considered the issue of whether a partial satisfaction of a judgment rendered an appeal moot with respect to the portion of the judgment that has been satisfied or whether a judgment had to be fully satisfied before an appeal was rendered moot. Id. at ¶ 14. In that case, a car buyer brought a suit against a car dealer. Following a bench trial, the trial court found the car dealer violated the Ohio Consumer Sales Practices Act, ordered a rescission of the sales contract by judgment entry on November 9, 2007, and awarded the car buyer attorney fees by judgment entry on August 15, 2008. Id. at ¶¶ 1, 14. The car dealer rescinded the sales contract but did not pay the attorney fees before filing its appeal. The car buyer argued the car dealer's entire appeal was moot because it rescinded the sales contract, thereby satisfying the judgment. The car dealer argued because the judgment ordering rescission of the sales contract was an interlocutory order, the interlocutory order merged with the final order, therefore the entire appeal was still viable. Id. at ¶ 14.
{¶29} The court of appeals found value in both parties' arguments, but determined the partial satisfaction of the judgment rendered the appeal moot with respect to the portion of the judgment that had been satisfied. It held:
We disagree with Shumaker's characterization of the two judgment entries as entirely separate judgments. The court's November 9, 2007 entry was interlocutory and could not be appealed. See generally Mtge. Electronic Registrations Sys. v. Mullins , 161 Ohio App.3d 12, 2005-Ohio-2303, 829 N.E.2d 326, at ¶ 21. When the court entered its final judgment, i.e., the August 15, 2008 judgment entry, all interlocutory rulings merged into it. Id. However, we do view the court-ordered rescission and attorney-fee award as distinct and severable remedies and find that Hamilton's cross-appeal is moot to the extent that Hamilton seeks a reversal of the trial court's rescission order. See generally Darwish v. Harmon (1992), 91 Ohio App.3d 630, 633, 633 N.E.2d 546. Hamilton could have preserved its appeal rights on this issue by seeking a stay of execution pending appeal. Slovak v. Univ. Off-Campus Hous. (May 19, 2000), Athens App. 99CA50, 2000 WL 680479, at *1, citing **1030 Hagood v. Gail (1995), 105 Ohio App.3d 780, 790-791, 664 N.E.2d 1373.
Id. at ¶ 15.
{¶30} We apply the rationale of the Fourth District to the facts of this case. In this case, Wife presented two claims to the trial court, supported by completely separate evidence and generating separate attorney fees. We find the two judgments to be distinct and severable. On March 5, 2018, Hoover Kacyon filed a motion to stay the September 22, 2017 and January 22, 2018 judgments; however, by March 5, 2018, the September 22, 2017 judgment had been voluntarily satisfied. Hoover Kacyon does not point to anything in the record to demonstrate the trial court issued a stay of the September 22, 2017 judgment. We further note that Hoover Kacyon has not directly opposed Husband's argument that Hoover Kacyon's voluntary payment of the September 22, 2017 judgment rendered its appeal of the judgment moot. Hoover Kacyon argues the appealability of the judgment because it was interlocutory, but it has not responded to the arguments raised in Husband's motion *273 to dismiss and renewed in his appellate brief.
{¶31} Husband successfully obtained a satisfaction of the September 22, 2017 judgment and there is no indication by Hoover Kacyon that the satisfaction of judgment was anything other than voluntary. Petersen & Petersen, Inc. v. Dinardo , 11th Dist. Geauga No. 2017-G-0134, 2018-Ohio-2585, 2018 WL 3207148, ¶ 11. Wife's counsel failed to obtain a stay of execution or post a bond for the September 22, 2017 judgment; it is therefore clear that the instant appeal is moot and must be dismissed. Id. "When a nonappealing party is successful in obtaining a satisfaction of the judgment, 'the appeal must be dismissed because the issues in the appeal have become moot.' " Roman Plumbing Co. v. Cherevko , 11th Dist. Portage No. 2010-P-0069, 2011-Ohio-1991, 2011 WL 1593229, ¶ 32.
{¶32} Accordingly, Hoover Kacyon's appeal of the September 22, 2017 judgment entry is dismissed as moot.
II. CIV.R. 11
{¶33} Appellant Hoover Kacyon, LLC argues in its first Assignment of Error that the trial court erred when it found Wife's counsel in violation of Civ.R. 11 and imposed sanctions.
Standing
{¶34} Before addressing the merits of the Assignment of Error, we review Husband's argument that the law firm, Appellant Hoover Kacyon, LLC lacks standing to appeal the trial court's judgment as to Civ.R. 11. Husband contends the individual attorneys, who are members Appellant Hoover Kacyon, LLC, were found by the trial court to be in violation of Civ.R. 11. As a law firm, Husband argues Appellant Hoover Kacyon, LLC is not the proper entity to file an appeal on behalf of the individual attorneys.
{¶35} Standing is "a jurisdictional requirement; a party's lack of standing vitiates the party's ability to invoke the jurisdiction of a court - even a court of competent subject-matter jurisdiction - over the party's attempted action." Bank of Am., N.A. v. Kuchta , 141 Ohio St.3d 75, 2014-Ohio-4275, 21 N.E.3d 1040, ¶ 22. A "determination of standing necessarily looks to the rights of the individual parties to bring the action, as they must assert a personal stake in the outcome of the action in order to establish standing." Kuchta at ¶ 23, citing Ohio Pyro, Inc. v. Ohio Dept. of Commerce , 115 Ohio St.3d 375, 2007-Ohio-5024, 875 N.E.2d 550, ¶ 27. "Lack of standing is certainly a fundamental flaw that would require a court to dismiss the action * * *." Id. , citing Fed. Home Loan Mtge. Corp. v. Schwartzwald , 134 Ohio St.3d 13, 2012-Ohio-5017, 979 N.E.2d 1214, ¶ 40.
{¶36} "It is a fundamental rule that an appeal may generally be instituted only by 'parties who are able to demonstrate a present interest in the subject matter of the litigation which has been prejudiced by the judgment of the lower court.' " In re Guardianship of Santrucek , 120 Ohio St.3d 67, 2008-Ohio-4915, 896 N.E.2d 683, ¶ 5, citing Willoughby Hills v. C.C. Bar's Sahara, Inc. , 64 Ohio St.3d 24, 26, 591 N.E.2d 1203 (1992). In other words, an appeal may be brought only by parties who have standing, Rauch v. Jefferson Twp. Bd. of Zoning Appeals , 2nd Dist. Montgomery No. 26941, 2016-Ohio-967, 2016 WL 936858, ¶ 6, that is, a "right to make a legal claim or seek judicial enforcement of a duty or right." Ohio Pyro at ¶ 27.
{¶37} Civ.R. 11 states:
*274 Every pleading, motion, or other document of a party represented by an attorney shall be signed by at least one attorney of record in the attorney's individual name, whose address, attorney registration number, telephone number, facsimile number, if any, and business e-mail address, if any, shall be stated. A party who is not represented by an attorney shall sign the pleading, motion, or other document and state the party's address. * * * The signature of an attorney or pro se party constitutes a certificate by the attorney or party that the attorney or party has read the document; that to the best of the attorney's or party's knowledge, information, and belief there is good ground to support it; and that it is not interposed for delay. If a document is not signed or is signed with intent to defeat the purpose of this rule, it may be stricken as sham and false and the action may proceed as though the document had not been served. For a willful violation of this rule, an attorney or pro se party, upon motion of a party or upon the court's own motion, may be subjected to appropriate action, including an award to the opposing party of expenses and reasonable attorney fees incurred in bringing any motion under this rule. Similar action may be taken if scandalous or indecent matter is inserted.
{¶38} Civ.R. 11 requires every pleading, motion, or other document of a party represented by an attorney to be signed by at least one attorney of record in the attorney's individual name. The attorney's signature represents the attorney's certification that: (1) the attorney has read the pleading, motion, or document; (2) to the best of the attorney's knowledge, information, and belief, there is good ground to support the pleading, motion, or document; and (3) the pleading, motion, or document is not interposed for delay. Filonenko v. Smock Construction , 10th Dist. Franklin No. 17AP-854, 2018-Ohio-3283, 2018 WL 3949522, ¶ 13.
{¶39} The United States Supreme Court, in Pavelic & LeFlore v. Marvel Entertainment Group , 493 U.S. 120, 110 S.Ct. 456, 107 L.Ed.2d 438 (1989), addressed the issue of imposing sanctions in accordance to Fed.R.Civ.P. 11 against the law firm instead of the signing attorney. Std. Plumbing & Heating Co. v. Farina , 5th Dist. Stark No. 2001CA00018, 2001 WL 1096551, *2 (Sept. 17, 2001) citing Pavelic & LeFlore , supra at 121, 110 S.Ct. at 457, 107 L.Ed.2d at 441.
{¶40} The Court held that the rule's language only permits the trial court to impose sanctions against the attorney who signs the document, not the law firm. Id. at 127, 110 S.Ct. at 460, 107 L.Ed.2d at 445. Civ.R. 11 and Fed.R.Civ.P. 11 contain similar language concerning the requirement that an attorney sign a motion in his individual capacity and the liability that follows. See Civ.R. 11 and Fed.R.Civ.P. 11. See also , Riley v. Langer , 95 Ohio App.3d 151, 161-62, 642 N.E.2d 1 (1st Dist.1994), overruled on other grounds Riston v. Butler , 149 Ohio App.3d 390, 2002-Ohio-2308, 777 N.E.2d 857 (1st Dist). As such, Civ.R. 11 should be read to impose the same restriction as to the imposition of sanctions against a law firm. Riley , 95 Ohio App.3d at 163, 642 N.E.2d 1.
{¶41} Only the attorney who signs the pleading in his or her individual capacity can be sanctioned under Civ.R. 11. The notice of appearance filed on January 5, 2017 indicates Wife had three attorneys of record: Corinne Hoover Six, Joseph Kacyon, and Tad Orval Hoover. Attorney Rachel Smick appeared on later pleadings filed on behalf of Wife. The trial court only had the authority to sanction Attorneys *275 Six, Kacyon, Hoover, and Smick for violations of Civ.R. 11.
{¶42} Attorneys Six, Hoover, Kacyon, and Smick are members of the law firm, Appellant Hoover Kacyon, LLC, but it is well-settled that a law firm cannot be sanctioned pursuant to Civ.R. 11. The trial court may only sanction the individual attorneys who sign the pleadings. Appellant Hoover Kacyon, LLC as a legal entity has not been prejudiced by the judgment of the lower court. Accordingly, as to the issue of Civ.R. 11, Appellant Hoover Kacyon, LLC does not have a personal stake in the outcome in the action and therefore does not have standing to appeal that issue. The appeal of Appellant Hoover Kacyon, LLC of the January 22, 2018 judgment entry as to Civ.R. 11 is hereby dismissed for lack of jurisdiction.
{¶43} The first Assignment of Error is therefore overruled.
{¶44} The trial court's judgments awarded Husband attorney fees pursuant to R.C. 2323.51 and Civ.R. 11. Our holding that Appellant Hoover Kacyon, LLC does not have standing pursuant to Civ.R. 11 does not affect its standing as to R.C. 2323.51. See Riley v. Langer , 95 Ohio App.3d 151, 163, 642 N.E.2d 1 (1st Dist.1994).
III. R.C. 2323.51
{¶45} Hoover Kacyon argues in its second Assignment of Error that the trial court erred when it found Wife's counsel engaged in frivolous conduct by filing a motion for relief from judgment under R.C. 2323.51. We disagree.
{¶46} R.C. 2323.51 provides a court may award court costs, reasonable attorney fees, and other reasonable expenses incurred in connection with the civil action or appeal to any party to the civil action or appeal who was adversely affected by frivolous conduct.
{¶47} A motion for sanctions brought under R.C. 2323.51 requires a three-step analysis by the trial court. The trial court must determine (1) whether the party engaged in frivolous conduct, (2) if the conduct was frivolous, whether any party was adversely affected by it, and (3) if an award is to be made, the amount of the award. Bear v. Troyer , 5th Dist. Guernsey Nos. 15 CA 17, 15 CA 24, 2016-Ohio-3363, 2016 WL 3219711, ¶ 55. The presence of one of the following factors supports a finding of frivolous conduct under R.C. 2323.51(A)(2)(a) :
(i) It obviously serves merely to harass or maliciously injure another party to the civil action or appeal or is for another improper purpose, including, but not limited to, causing unnecessary delay or a needless increase in the cost of litigation.
(ii) It is not warranted under existing law, cannot be supported by a good faith argument for an extension, modification, or reversal of existing law, or cannot be supported by a good faith argument for the establishment of new law.
(iii) The conduct consists of allegations or other factual contentions that have no evidentiary support or, if specifically so identified, are not likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.
(iv) The conduct consists of denials or factual contentions that are not warranted by the evidence or, if specifically so identified, are not reasonably based on a lack of information or belief.
{¶48} Husband argued in his opposition to Wife's motion for relief from judgment that Wife's allegations had no evidentiary support. The trial court found that based upon its review of the evidence, the filing *276 of Wife's motion for relief from judgment based on duress and mental incompetency was frivolous conduct because her allegations were not supported by the evidence.
{¶49} This appeal requires us to examine R.C. 2323.51(A)(2)(a)(iii), which presents a factual question; namely, whether Wife's allegations and factual contentions have evidentiary support. Carasalina, L.L.C. v. Bennett , 10th Dist. Franklin No. 14AP-74, 2014-Ohio-5665, 2014 WL 7274354, ¶ 32 citing Hunt v. Allen , 5th Dist. Licking No. 11-CA-70, 2012-Ohio-1212, 2012 WL 983191, ¶ 33. An allegation or factual contention need only minimal evidentiary support in order for a party or its attorney to avoid a frivolous conduct finding. Bahgat v. Kissling , 10th Dist. Franklin No. 17AP-641, 2018-Ohio-2317, 2018 WL 3005519, ¶ 30 citing Carasalina , supra at ¶ 36. In analyzing the correct standard to determine the level of evidentiary support needed to support an allegation or factual contention, the Tenth District Court of Appeals looked to Fed.R.Civ.P. 11(b)(3) in Carasalina, supra . The language in Fed.R.Civ.P. 11(b)(3) is similar to that used in R.C. 2323.51(A)(2)(a)(iii). The court stated:
Moreover, according to the Advisory Committee Notes, Fed.R.Civ.P. 11(b)(3) recognizes that "sometimes a litigant may have good reason to believe that a fact is true or false but may need discovery, formal or informal, from opposing parties or third persons to gather and confirm the evidentiary basis for the allegation." However, if a litigant does not obtain evidentiary support after a reasonable opportunity for further investigation or discovery, "the party has a duty under [Fed. Civ.R. 11(b)(3) ] not to persist with that contention." Id.
* * * If a party makes an allegation or factual contention on information or belief, then the party must have the opportunity to investigate the truth of that allegation or factual contention. However, if a party persists in relying on that allegation or factual contention when no evidence supports it, then the party has engaged in frivolous conduct under R.C. 2323.51(A)(2)(a)(iii).
Carasalina, L.L.C. v. Bennett , 10th Dist. Franklin No. 14AP-74, 2014-Ohio-5665, 2014 WL 7274354, ¶¶ 35-36.
{¶50} A finding of frivolous conduct under R.C. 2323.51(A)(2)(a)(iii) is a factual determination; therefore, there is a degree of deference appropriate in reviewing a trial court's factual determinations and will not disturb such factual determinations where the record contains competent, credible evidence to support such findings. Bear v. Troyer , 5th Dist. Guernsey Nos. 15 CA 17, 15 CA 24, 2016-Ohio-3363, 2016 WL 3219711, ¶ 56.
{¶51} In order to review whether Wife and her counsel engaged in frivolous conduct under R.C. 2323.51(A)(2)(a)(iii), the trial court conducted a thorough review of Wife's evidentiary support for her motion for relief from judgment and the evidence presented by Husband in opposition to the motion. The trial court first reviewed the actions of Wife and counsel in preparation for her motion for relief from judgment.
{¶52} On May 10, 2016, Wife took the deposition of Wife's primary care physician as to Wife's health issues. The issue of Wife's mental competency was not raised during the deposition by counsel or by her physician. In support of her motion from relief from judgment, Wife provided the January 8, 2017, affidavit of her primary care physician that stated Wife was not competent to enter into a contract. Husband provided the September 25, 2017, deposition testimony of Wife's primary care physician regarding her affidavit. Her *277 physician testified Wife prepared the affidavit for her signature and the physician did not review her medical notes before signing the affidavit. Wife's counsel did not contact the primary care physician before the physician signed the affidavit. Wife's counsel did not review Wife's medical records before the physician signed the affidavit. Wife was seen by the primary care physician on April 29, 2016 and June 8, 2016. The physician testified when she saw Wife on April 29, 2016 and June 8, 2016, she made no notes in the chart that she observed Wife was cognitively incompetent. On June 23, 2016, Wife's primary care physician signed a form to allow Wife driving privileges. The form stated Wife had no cognitive impairment. Wife dismissed her motion from relief from judgment two days after Husband's deposition of Wife's primary care physician.
{¶53} The trial court found Wife and her counsel engaged in frivolous conduct when they failed to contact the primary care physician to investigate Wife's allegations before filing the motion for relief from judgment. Wife's primary care physician testified she did not write the affidavit, she signed the affidavit without reviewing Wife's medical records, and she reversed her opinion as to Wife's mental incompetency after a review of Wife's medical records. The trial court was of the opinion that because of Wife's allegation she was mentally incompetent and unable to make decisions, Wife's counsel was under a greater burden to conduct a thorough and independent investigation of Wife's claims.
{¶54} The trial court next examined the January 9, 2017, affidavit provided by Wife's therapist in support of Wife's motion from relief from judgment. The therapist was deposed by Husband on August 2, 2017. The therapist saw Wife for therapy sessions on May 7, 2016, May 14, 2016, May 21, 2016, and May 28, 2016. The therapist took notes contemporaneously to Wife's therapy sessions and the notes did not reflect she had any concerns about Wife's mental competency. On May 28, 2016, the therapist met with Wife after the final hearing on the divorce. The therapist noted on that day Wife was alert and oriented and able to convince Husband to give her an additional $10,000.00 to settle the divorce. A review of the therapist's notes showed she made an addendum in July 2017 to her May 2016 notes to address Wife's alleged cognitive issues. During her deposition, the therapist testified she felt Wife's divorce settlement was not favorable to Wife because it did not provide Wife with health insurance coverage.
{¶55} The trial court also considered the evidence presented by Husband regarding the Wife's divorce counsel and the parties' son. Wife's divorce counsel testified by deposition that he felt Wife was mentally competent during the divorce proceedings. He noted that Wife, without the assistance of counsel, was able to obtain an additional $10,000.00 from Husband to settle the divorce proceedings. Her divorce counsel further noted the parties' adult son was involved during the divorce proceedings in support of his mother. The son did not express to divorce counsel that Wife was mentally incompetent.
{¶56} Upon review of the evidence, we find Wife and her counsel's persistence in pursuing Wife's claim that she was mentally incompetent and could not enter into the Separation Agreement and Decree of Divorce amounted to frivolous conduct under R.C. 2323.51(A)(2)(a)(iii). While it could be argued the affidavits of Wife's primary care physician and therapist provided Wife with minimal evidentiary support for her allegations and factual contentions, that minimal evidentiary support was eliminated by the testimony of the primary care *278 physician, therapist, and a review of their contemporaneous medical records.
{¶57} Wife and her counsel attempted to remedy the situation by dismissing the motion for relief from judgment two days after Husband's deposition of the primary care physician. By that time, however, Husband had already engaged in discovery and conducted depositions of the primary care physician and therapist to challenge the remaining claims of Wife's motion for relief from judgment. The trial court noted that if Wife's counsel had investigated Wife's claims with her primary care physician and therapist prior to filing the motion for relief from judgment, counsel may have discovered Wife's claim was unsupported.
{¶58} We find no error of the trial court to determine Wife and her counsel's conduct was frivolous under R.C. 2323.51(A)(2)(a)(iii).
{¶59} The trial court awarded Husband $80,000.00 in sanctions based on its finding that Wife and her counsel violated R.C. 2323.51(A)(2)(a)(iii). A review of the appellate brief shows that Hoover Kacyon does not raise as error the amount of the trial court's award to Husband under R.C. 2323.51(A)(2)(a)(iii). As such, we will not address the issue because it is waived.
{¶60} Hoover Kacyon's second Assignment of Error is overruled.
IV. R.C. 3105.73
{¶61} Hoover Kacyon argues in its third Assignment of Error that the trial court erred as a matter of law in awarding attorney fees against Wife's counsel pursuant to R.C. 3105.73.
{¶62} In considering the attorney fees and legal expenses, the trial court utilized R.C. 3105.73 to make its decision on the amount of sanctions. The statute states in relevant part as to an award of attorney fees:
(B) In any post-decree motion or proceeding that arises out of an action for divorce, dissolution, legal separation, or annulment of marriage or an appeal of that motion or proceeding, the court may award all or part of reasonable attorney's fees and litigation expenses to either party if the court finds the award equitable. In determining whether an award is equitable, the court may consider the parties' income, the conduct of the parties, and any other relevant factors the court deems appropriate, but it may not consider the parties' assets.
{¶63} An award of attorney fees related to a post-decree motion or proceeding will not be overturned absent an abuse of discretion. Roubanes v. Roubanes , 10th Dist. No. 14AP-183, 2014-Ohio-5163, 2014 WL 6482785, ¶ 6. While the trial court has discretion in determining the amount of attorney fees, the court must base its decision on evidence showing the reasonableness of the time spent on the matter and the hourly rate. Bagnola v. Bagnola , 5th Dist. Stark No.2004CA00151, 2004-Ohio-7286, 2004 WL 3090245, at ¶ 36.
{¶64} In making its decision as to the amount of the award, the trial court stated in its January 22, 2018 judgment entry:
Based on the totality of all the evidence, it is this Court's decision that the request for attorney fees made by the Defendant, based on the only expert testimony on that issue presented to the Court is that Defendant is entitled to be reimbursed for legal expenses and attorney fees in the amount of $101,777.00.
In awarding attorney fees and costs, the Court has taken into consideration the language of Ohio Revised Code 3105.73 stated above in determining the equitable amount of attorney fees. In doing so, and in exercising judicial discretion, this *279 Court awards Defendant the amount of $80,000.00 as reasonable attorney fees and expenses to be paid by Plaintiff and her counsel.
(Jan. 22, 2018 Judgment Entry).
{¶65} We find the trial court stated in its judgment entry it considered R.C. 3105.73(B) and in fact, reduced the award of attorney fees from $101,777.00 to $80,000.00 based on its consideration of R.C. 3105.73(B). The language of the trial court's judgment entry shows the trial court did not utilize R.C. 3105.73(B) to determine whether to sanction Wife and her counsel, but rather used R.C. 3105.73(B) to determine the amount of the sanction. A review of the evidence shows the only testimony before the trial court as to the reasonableness of fees was from Husband. Wife's expert withdrew his opinion as to the reasonableness of fees during his cross-examination. We find no abuse of discretion by the trial court in determining an equitable award based on the evidence presented by the parties.
{¶66} Hoover Kacyon's third Assignment of Error is overruled.
CONCLUSION
{¶67} Hoover Kacyon's appeal of the September 22, 2017 judgment and all claims under Civ.R. 11 are dismissed for lack of jurisdiction.
{¶68} The January 22, 2018 judgment of the Stark County Court of Common Pleas, Domestic Relations Division is affirmed.
Gwin, P.J. and Baldwin, J., concur.