[Cite as *Waller v. Menorah Park Ctr. for Senior Living*, 2019-Ohio-671.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| MARIE A. WALLER | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff - Appellant | : | Hon. Craig R. Baldwin, J. |
| | : | Hon. Earle E. Wise, J. |
| -vs- | : | |
| | : | |
| MENORAH PARK CENTER FOR | : | Case No. 2018CA00083 |
| SENIOR LIVING, ET AL. | : | |
| | : | |
| Defendants - Appellees | : | O P I N I O N |

CHARACTER OF PROCEEDING: Appeal from the Stark County Court of Common Pleas, Case No. 2015 CV 02064

JUDGMENT: Affirmed

DATE OF JUDGMENT: February 19, 2019

APPEARANCES:

For Plaintiff-Appellant

JENNIFER L. LAWTHER
DANIEL A. KIRSCHNER
COREY J. KUZMA
Nager, Romaine & Schneiberg Co. LP.A.
27730 Euclid Avenue
Cleveland, Ohio 44132

For Bureau of Workers' Compensation

SCOTT W. JOHNSON
Office of the Attorney General
20 Federal Plaza West, 3rd Fl.
Youngstown, Ohio 44503

For Defendant-Appellee Menorah Park Center for Senior Living

R. MARK GOTTFRIED
Meyers, Roman, Friedberg & Lewis
28601 Chagrin Boulevard, Suite 600
Cleveland, Ohio 44122

*Baldwin, J.*

{¶1}   Appellant Marie A. Waller appeals from the June 4, 2018 Judgment Entry of the Stark County Court of Common Pleas granting appellee's request for attorney's fees.

STATEMENT OF THE FACTS AND CASE

{¶2}   Appellant Marie A. Waller was an employee of appellee Menorah Park Center for Senior Living. After she slipped and fell into a tub while cleaning it while in appellee's employment, appellant filed a worker's compensation claim. Her claim was allowed for bilateral knee contusion, right shoulder contusion and sprain right thumb.

{¶3}   On August 1, 2013, appellant filed a motion requesting additional allowances for right shoulder sprain/strain, right knee Baker's cyst and sprain right knee and leg. She later withdrew her request for the additional allowance of right knee Baker's cyst.  On or about September 10, 2013, appellant filed a motion requesting the additional allowance of right knee chondral injury. The Industrial Commission of Ohio ultimately disallowed appellant's claim for the additional allowances of right shoulder sprain/strain, right knee chondral injury and sprain right knee and leg. Appellant, after exhausting her administrative appeal, filed an appeal with the Stark County Court of Common Pleas pursuant to R.C. 4123.512. The case was assigned Case No. 2014 CV 00798. Appellant filed a notice of dismissal without prejudice on October 10, 2014 pursuant to Civ.R. 41(A).

{¶4}   Appellant refiled her Petition and Complaint in the Stark County Court of Common Pleas on October 6, 2015. The case was assigned Case No. 2015 CV 02064. Appellee filed an answer on October 23, 2015. The Administrator of the Bureau of Workers' Compensation filed an answer on November 9, 2015.

{¶5}   The trial court, on April 20, 2016, filed a Judgment Entry indicating that the case had been settled by agreement of the parties and dismissing the case. The trial court, in its Judgment Entry, ordered that "A final agreed upon judgment entry approved by counsel for all parties shall be filed with the Court within **30 days** of the filing of the within entry."

{¶6}   On February 9, 2018, appellant filed a Motion to Enforce Settlement. Appellant, in her motion indicated that on or about December 4, 2017, she had mailed all executed settlement documents to appellee's counsel and that on or about December 20, 2017, her counsel had received a call from appellee's counsel indicating that appellee "would no longer honor the parties' settlement agreement." Appellant requested that a hearing be scheduled. In response, appellee, on February 22, 2018, filed a brief in opposition to appellant's motion and a request for attorney fees pursuant to R.C. 2323.51. Appellee, in its motion, argued, in relevant part, as follows**:**

> The law on enforcement of workers' compensation settlements is well-settled.  Defendant [appellee] had the absolute right to withdraw from the settlement and there is no binding or enforceable agreement.  Plaintiff [appellant] has asserted no case law nor statutory authority to justify her Motion.  Counsel has asserted an allegation that is not warranted under existing law and has made allegations that have no evidentiary support.  As a result, Defendant [appellee] has been forced to incur unnecessary legal costs in defending this Motion.  Such costs must be borne by Plaintiff's [appellant's] counsel.

{¶7} A hearing was scheduled on the Motion to Enforce Settlement for March 16, 2018. The trial court, in a Judgment Entry filed on June 4, 2018, noted that after appellant's counsel realized that there was no legal basis for her motion, appellant retracted her argument that the settlement was valid and made an oral motion to withdraw the Motion to Enforce, which was granted by the trial court on the record. The trial court granted appellee's request for attorney fees and ordered that counsel for appellant pay the sum of $1,277.50 to appellee, "representing attorney fees that Defendant [appellee] incurred from the filing of the Plaintiff's [appellant's] Motion to Enforce Settlement through the date of the hearing on the same."

{¶8} Appellant now appeals from the trial court's June 4, 2018 Judgment Entry, raising the following assignment of error on appeal:

{¶9} "I. THE TRIAL COURT ABUSED ITS DISCRETION IN GRANTING MENORAH PARK CENTER FOR SENIOR LIVING'S REQUEST FOR ATTORNEY FEES."

I

{¶10} Appellant, in her sole assignment of error, argues that the trial court abused its discretion in awarding attorney fees to appellee. We disagree.

{¶11} R.C. 2323.51 provides a court may award court costs, reasonable attorney fees, and other reasonable expenses incurred in connection with the civil action or appeal to any party to the civil action or appeal who was adversely affected by frivolous conduct.

{¶12} A motion for sanctions brought under R.C. 2323.51 requires a three-step analysis by the trial court. The trial court must determine (1) whether the party engaged in frivolous conduct, (2) if the conduct was frivolous, whether any party was adversely

affected by it, and (3) if an award is to be made, the amount of the award. *Bear v. Troyer*, 5th Dist. Guernsey Nos. 15 CA 17, 15 CA 24, 2016-Ohio-3363, ¶ 55. The presence of one of the following factors supports a finding of frivolous conduct under R.C. 2323.51(A)(2)(a):

{¶13} (i)  It obviously serves merely to harass or maliciously injure another party to the civil action or appeal or is for another improper purpose, including, but not limited to, causing unnecessary delay or a needless increase in the cost of litigation.

{¶14} (ii)  It is not warranted under existing law, cannot be supported by a good faith argument for an extension, modification, or reversal of existing law, or cannot be supported by a good faith argument for the establishment of new law.

{¶15} (iii) The conduct consists of allegations or other factual contentions that have no evidentiary support or, if specifically so identified, are not likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

{¶16} (iv) The conduct consists of denials or factual contentions that are not warranted by the evidence or, if specifically so identified, are not reasonably based on a lack of information or belief.

{¶17} In the case sub judice, appellee, in its brief in opposition to appellant's Motion to Enforce Settlement, cited to  *Gibson v. Meadow Gold Dairy*, 88 Ohio St.3d 201, 203, 724 N.E.2d 787 (2000). In *Gibson*, the Supreme Court of Ohio considered whether a trial court may enforce an oral settlement of an appeal under R.C. 4123.512 between a workers' compensation claimant and a self-insured employer. The Supreme Court held that pursuant to R.C. 4123.65, settlements of claims against self-insured employers reached during the pendency of a 4123.512 appeal are not binding until a final settlement

agreement is signed by the parties and thirty days have passed thereafter. *Id.* at 204. Accordingly, the Supreme Court held that where a claimant reached an oral agreement with his former employer to settle his claim but then withdrew his consent and refused to execute the settlement documents, the trial court erred in sanctioning the claimant with dismissal of his case for his failure to sign and comply with the oral settlement agreement. The Supreme Court stated that "the oral settlement never legally bound [the claimant] and thus could not be enforced because [the claimant] had not signed the agreement, and, moreover, would have had thirty days from signing to withdraw his written consent." *Id.* at 203.

{¶18} In the case sub judice, appellee, in its motion, noted there was no settlement agreement signed by both parties which had been submitted to the Industrial Commission and which remained pending for 30 days and that,"[i]n short, there is no binding agreement between the parties" and therefore nothing for the court to enforce.

{¶19} The trial court, in its June 4, 2018 Judgment Entry, stated, in relevant part, that "[a]t the hearing on the motion to enforce settlement, Plaintiff's counsel stated that after speaking with counsel for Defendant and reviewing the Defendant's brief in opposition to the motion to enforce, he realized that the was no legal basis upon which to file the motion. Thus, Plaintiff retracted her argument that the settlement was valid and made an oral motion to withdraw the Motion to Enforce, which the Court granted on the record at the hearing." The trial court, in awarding attorney fees, further stated, in relevant part, as follows:

{¶20} "What is now before the Court is the Defendant's [appellee's] motion for sanctions and request for fees in having to respond to the Plaintiff's [appellant's] motion

to enforce settlement and attend the hearing. The Court is presented with a situation where Plaintiff's [appellant's] counsel admitted that there was no legal basis for the motion to enforce settlement to be filed. It is every attorney's duty to know the laws that apply to his or her case. Even after this mistake was made, Plaintiff [appellant] had three weeks in between the filing of the brief in opposition and the hearing date in which she could have withdrawn her motion to enforce. Rather than doing so, Plaintiff's [appellant's] actions caused the Defendant [appellee] to prepare for and travel to the hearing on the motion.'

{¶21} We note that no transcript of hearing before the trial court has been filed. It is well settled that when portions of the transcript necessary to resolve issues are not part of the record on appeal, we must presume regularity in the trial court proceedings and affirm. *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 400 N.E.2d 384 (1980). Without such a transcript, we must, therefore, presume that the trial court was correct in its findings.

{¶22} Based on the foregoing, we find that the trial court did not abuse its discretion in finding frivolous conduct and awarding attorney fees to appellee.

{¶23} Appellant's sole assignment of error is, therefore, overruled.

{¶24} Appellee, in its brief, further argued that it is entitled to additional attorney fees and expenses for appellant's filing a frivolous appeal pursuant to App.R. 23. App.R. 23 states as follows: "If a court of appeals shall determine that an appeal is frivolous, it may require the appellant to pay reasonable expenses of the appellee including attorney fees and costs."

**{¶25}** In *Burdge v. Supervalu Holdings, Inc.,* 1st Dist. No. C–060194, 2007-Ohio-1318, 2007 WL 865483, ¶ 22, the First District Court of Appeals noted the following:

**{¶26}** "App.R. 23 provides a court of appeals with authority to order an appellant or his attorney to pay the reasonable expenses of the appellee, including attorney fees and costs, where the court determines that the appeal is frivolous. An appeal is deemed frivolous * * * when it does not present a reasonable question for review. The function of App. R. 23 is to compensate a non-appealing party for the expenses incurred in having to defend a frivolous appeal and to deter frivolous appeals in order preserve the appellate calendar and limited judicial resources for cases that are truly worthy of the court's consideration." (Citations omitted).

**{¶27}** Upon review, we find that the issues raised in this appeal are frivolous; no reasonable argument can be advanced to support appellant assignment of error. Accordingly, the application for an award of appellee's attorney fees and expenses is granted. Appellee has attached an itemized bill to its brief showing that it incurred $1,358.75 in fees and expenses with respect to the appeal. We note that appellant did not file a reply brief. The same is, therefore, unrebutted, and appears, on its face, quite reasonable. Therefore, we award appellee its attorney fees and expenses, pursuant to App.R. 23, in the amount of $1,358.75.

**{¶28}** Accordingly, the judgment of the Stark County Court of Common Pleas is affirmed. Furthermore, this court having concluded that this appeal is frivolous, in accordance with App.R. 23, appellee is awarded its attorney fees and expenses in the amount of $1,358.75.

{¶29} Accordingly, the judgment of the Stark County Court of Common Plea is affirmed.

{¶30} JUDGMENT IS HERE ENTERED pursuant to App.R. 23 in favor of the defendant-appellee, and against the counsel for appellant in the sum in the sum of One Thousand Three Hundred Fifty Eight Dollars and Seventy Five Cents ($1,358.75). Dollars) and appellant is ordered to pay the costs of this action.

By: Baldwin, J.

Gwin, P.J. and

Wise, Earle, J. concur.